**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL RODGERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 cv 6262 |
| v. | ) | |
| | ) | Honorable Milton I. Shadur |
| **McDONALD'S CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |
| | ) | |

**REPORT OF PARTIES PLANNING MEETING**

1.  **Meeting.**  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on December 27, 2007 in the office Sidley Austin, LLP.  The meeting was attended by:

    David Porter, attorney for Plaintiff;
    Nigel F. Telman, Sidley Austin, LLP, attorney for Defendant.

2.  **Nature and basis of claims and defenses.**  Plaintiff asserts that three (3) workdays after she complained of race discrimination to her employer's Chief Diversity Officer (in connection with having been passed over for advancement opportunities) she was called into a meeting, advised that she was being placed on a Performance Improvement Plan ("PIP") and, when she stated that what her supervisor was saying was not true and that she would not sign the PIP, her employer suddenly terminated her employment.  Plaintiff brings a one-count complaint against Defendant McDonald's Corporation ("McDonald's" or "Company") for retaliation in the terms and conditions of her employment and in the termination of her employment, in violation of Title VII of the Civil Rights Act of 1964.

    Defendant denies the claim and associated allegations contained in the Complaint.  Specifically, Defendant denies that Plaintiff's performance met the Company's legitimate performance expectations.  Notwithstanding, the Company was willing to assist the Plaintiff to increase her level of performance and, consistent with Company policy, offered Plaintiff an opportunity work under a PIP.  Instead of agreeing to work under the PIP, Plaintiff abruptly (and voluntarily) resigned her employment with the Company.

3.  **Pre-trial Schedule.**  The parties jointly propose to the court the following discovery plan:

    a.  Discovery will be needed on the following subjects: liability and damages.

    b.    Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be exchanged by the parties on or before January 31, 2008. Defendant agrees to produce to the Plaintiff as part of its initial disclosures a copy of the Company's Statement of Position (including exhibits), which was submitted to the Illinois Department of Human Rights on December 15, 2006. The parties agreed to extending the time within which to make disclosures (as required by Rule 26(a)(1)(C)) due to the holiday season.

    c.    Discovery will commence on or after February 1, 2008 and will be completed on May 30, 2008. Discovery will not be completed in phases.

    d.    Plaintiff anticipates taking approximately 3-6 depositions. Defendant anticipates taking approximately 1-2 depositions.

    e.    Although at this time the parties do not anticipate utilizing experts, any expert discovery (including depositions of any retained experts) will be completed on or before May 30, 2008.

    f.    Amendments to pleadings or joining of additional parties must be completed by February 29, 2008.

    g.    All potentially dispositive motions should be filed on or before August 4, 2008.

    h.    **Final pretrial order**: Plaintiff to prepare and present to Defendant proposed pretrial order on or before September 18, 2008, or within 45 days after the court's ruling on dispositive motions (if any such motions are filed). The parties will file with the court a joint final pretrial order on October 9, 2008, or within 21 days after the draft order is sent to Defendant.

    i.    The parties will be ready to proceed with trial on October 27, 2008. The parties expect trial in this matter to take approximately five days.

4.    **Referral to Magistrate Judge**. The parties do not consent to proceed before a Magistrate Judge.

5.    **Settlement.** The parties have expressed interest in attempting to settle the case and will continue settlement negotiations during discovery.

6.    **Electronic Discovery**. The parties agree to produce all responsive documents in hard copy, and reserve the right to request that specific documents maintained electronically be produced in "NATIVE" format upon a showing of good cause. In addition, the parties enter into a "claw-back" agreement whereby a party receiving privileged or work-product information inadvertently produced by the other party agrees

to return said privileged documentation. The parties further agree that said inadvertent production will not be deemed to constitute a waiver as to that or any other material.

Dated: January 4, 2008

By: s/David Porter
    David Porter
    Attorney for Plaintiff
    11 S. LaSalle Street, Suite 1000
    Chicago, IL 60603
    (312) 236-1207

By: s/Nigel F. Telman
    Nigel F. Telman
    Attorney for Defendant
    SIDLEY AUSTIN LLP
    One South Dearborn Street
    Chicago, IL 60603
    (312) 853-2106

CH1 4110251v.1