UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL RODGERS, )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>McDONALD'S CORPORATION, )<br>)<br>Defendant. )<br>) | 07-C-6262<br><br>Judge Milton I. Shadur<br><br>Magistrate Judge Mason |

PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS AND/OR TO BAR
DEFENDANT FROM LATER RAISING ISSUES TO WHICH
IT HAS PURPOSELY WITHHELD DOCUMENTS

Plaintiff Carol Rodgers, by and through her counsel, hereby moves this Court for an Order compelling Defendant McDonald's Corporation ("McDonald's") to produce documents and/ or for an Order barring Defendant from later raising issues to which it has purposely withheld documents through its very odd and unreasonably narrow definition (listed in its document responses) of the relevant issues of this case, to wit:

- within McDonald's document responses (see, e.g. Nos. 8-16, 18-23, 25-26, 28-29, 31, 33-34, 36-38, 43-52, and 54 of Exhibit "A"), towards it withholding production of documents, it repeatedly stated an overly narrow - and in fact clearly unreasonably narrow - definition of the relevant issues as allegedly just being:

    > "whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006"

While the above are relevant issues, there also are many other relevant issues to this case, with this being discussed in greater detail and shown in the remainder of this motion.

1

**Background**

    1.    This is a Title VII retaliation case, in which Plaintiff Rodgers has alleged at paragraph 31 of her Federal Complaint (Exhibit "C") that:

> "Defendant McDonald's Corp. has intentionally retaliated against Plaintiff due to Plaintiff's **complaints** of race discrimination, **in the terms and conditions of her employment, in the termination of her employment, and otherwise**, all in violation of Title VII of the Civil Rights Act of 1964 …"

(emphasis supplied).

    2.    Plaintiff Rodgers (whose race is black) has also alleged in this lawsuit that three (3) workdays after she complained of race discrimination to her employer's Chief Diversity Officer (Pat Harris) - in connection with her having been treated in a discriminatory manner, discriminatorily held back, and passed over for advancement opportunities - that she was called into a meeting (with her supervisor Janet Burton, and Angelique Kelly-Lara of HR), and she was advised that she was being placed on a performance improvement plan and, when she stated that what her supervisor was saying was not true and that she would not sign the PIP, her employer suddenly terminated her employment. Defendant, in this lawsuit, has denied firing Plaintiff and has instead claimed that Plaintiff resigned her employment.

    3.    Additonally, Plaintiff Rodgers in her interrogatory responses (Exhibit "D") - particularly in response to Interrogatory No. 1 - has also clarified and pointed to additional internal complaints by Plaintiff during her employment with Defendant, of race discrimination, and of being subjected to hostility and a hostile and abusive work environment, and that there was a retaliatory pattern (relevant to and further supporting her claims herein) that repeatedly when Plaintiff had made such protected and other complaints her supervisor (Janet Burton) had retaliated against her.

**Defendant McDonald's Document Responses**

4. Plaintiff's counsel has made substantial efforts to pursue discovery in this case, and work out differences with Defendant's counsel (Nigel Telman of Sidley Austin), but has been thwarted by Defendant McDonald's in attempting to obtain full and adequate production of relevant discovery. This is discussed in greater detail below.

5. On February 7, 2008 we served Plaintiff's First Request for Production of Documents on Defendant's counsel. Defendant served its initial responses to same on March 19, 2008.

6. Thereafter, by letter dated June 10, 2008 Plaintiff counsel sent a Rule 37.2 letter to Defendant's counsel regarding deficiencies with Defendant's document (and interrogatory) responses (a copy of said letter is annexed hereto at Exhibit "B"). As shown in greater detail within such letter, we were claiming that there were two main areas of deficiencies with Defendant's document responses, to wit:

(a) Defendant had entirely, and improperly, failed to specify in its document response any bates numbers of documents that were responsive to the individual numbered requests, with this being exacerbated by Defendant having provided that it "will produce" documents and that "investigation continues; and

(b) Within McDonald's responses (see, e.g. Nos. 8-16, 18-23, 25-26, 28-29, 31, 33-34, 36-38, 43-52, and 54) it repeatedly used an overly narrow - and in fact clearly unreasonably narrow - definition of the relevant issues as allegedly just being:

> "whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006"

7. On June 19th counsel for the parties held a Local Rule 37.2 conference by telephone. With regards to our aforesaid claimed deficiencies with Defendant's document

3

responses, Defendant agreed as to item (a) above, and thereafter did, provide a supplemental document response (Exhibit "A")[1] that specified the applicable bates numbers responsive to each of the particular requests where documents had been provided. But as to item (b) above, Defendant entirely refused to revise its responses that contained the unreasonably narrow definition of the relevant issues in this case, and Defendant refused to provide any further documents. This is confirmed within my e-mail to Defendant's counsel, dated June 19, 2008, annexed hereto at Exhibit "E"), and is further discussed and shown below.

8.  Although Defendant in its document responses has alleged that the only relevant issues are "whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006", in fact and as specifically spelled out in my June 10th letter to Defendant's counsel (Exhibit "B"), there are also many other relevant issues to this case, and towards Plaintiff Rodgers proving her case and defeating Defendant's defenses to same, including but by no means limited to the following:

- "Whether Plaintiff Rodgers had a reasonable belief that she was being racially discriminated against

    - with this reasonably including documents regarding Ms. Rodgers' work performance, the positions Ms. Rodgers applied for (as well as information regarding the other applicants, Ms. Rodgers' and the other applicants' qualifications for such positions, and how the selections were made), and McDonald's past conduct towards Ms. Rodgers and other employees (regarding disciplines, PIP's, and terminations) to obtain a reasonably full and accurate picture of what was occurring and whether Ms. Rodgers' belief that she was being discriminated was reasonable;

- Whether McDonald's (primarily, but not limited to, Pat Harris, Janet Burton and/or Angelique Kelly-Lara) believed Ms. Rodgers was complaining of race discrimination

---

[1] It should be noted that Exhibit "A" is Defendant's supplemental responses to Plaintiff's first request for production of documents, dated June 24, 2008. The supplemental part of these document responses (in contrast to, and distinguishing from, the initial responses) are contained within Exhibit "A" at "Supplemental Response No. __" throughout such document.

4

- with this reasonably including documents regarding all communications between Ms. Rodgers and Pat Harris, as well as communications by, to, from the above individuals, and others, regarding Ms. Rodgers;

- Whether McDonald's (primarily, but not limited to, Janet Burton and Angelique Kelly-Lara) retaliated against Ms. Rodgers for her complaints of race discrimination in the issuance to her of the August 8, 2006 Performance Improvement Plan ("PIP")

  - with this reasonably including documents regarding McDonald's past conduct towards Ms. Rodgers and other employees, Ms. Rodgers' complaints of same and other employees' complaints of same, and McDonald's subsequent/ resulting conduct; and

  - with this also reasonably including documents regarding McDonald's past conduct towards:

    - employees who made complaints;
    - employees who made complaints of race discrimination
    - employees who did not make complaints

  and McDonald's subsequent/ resulting conduct to such three categories of employees, and whether there was a difference in McDonald's conduct towards such employees, and whether retaliation was the reason;

- Plaintiff Rodgers' damages; and

- Defendant McDonald's claimed defenses to this lawsuit"

(See Plaintiff's counsel's aforesaid letter dated June 10, 2008 at Exhibit "B", as well as Plaintiff's Federal Complaint in this litigation at Exhibit "C", and the detailed contents of Plaintiff Rodgers' interrogatory responses which are annexed hereto at Exhibit "D").

9. It is very odd that a Defendant employer would list, as Defendant has done, all of the issues that it claims are relevant to the lawsuit (with my never having previously seen that done) - and it is particularly alarming that such definition is clearly overly narrow (as shown by the above), with Defendant's counsel refusing to budge to remove or revise such definition from its responses and with Defendant's counsel also using this unreasonably

5

narrow definition as a shield and claimed basis for refusing to produce additional relevant documents.

10.  By way of a set of examples of the types of documents that Defendant has attempted - by and through its listing of the aforesaid overly narrow definition in its responses - to justify withholding production, see the following types of documents:

No. 8  -  documents referring or relating to why Defendant issued Plaintiff the Performance Improvement Plan document dated August 8, 2006

No. 9  -  documents showing when the initial draft of the PIP dated August 8, 2006 first began to be prepared

No. 10 -  documents referring or relating to the steps that were taken, and who was consulted, and what was considered in making the decision to issue Plaintiff the PIP dated August 8, 2006. In particular this should have included, but not been limited to, e-mails between Janet Burton, Angelique Kelly-Lara, and any other employees of Defendant with regards to this PIP

No. 11 -  positions Plaintiff applied for, and why she was not selected (with Defendant also strangely adding that it would not produce documents that were not "in hard copy"

No. 14 -  documents referring or relating to any communications between Plaintiff and Pat Harris (Defendant's Chief Diversity Officer) other than as to their August 3, 2006 conversation

No. 15 -  documents referring or relating to any internal complaints of Plaintiff during her employment

No. 16 -  documents referring or relating to any internal complaints of race discrimination by Plaintiff during her employment

No. 21 -  documents referring or relating to criticisms or critiques of Janet Burton

No. 22 -  documents concerning or relating to any verbal or written complaints by any current or former employees alleging that Janet Burton had harassed them, discriminated against them, or retaliated against them

No. 23 -   documents concerning or relating to any verbal or written complaints by any current or former employees regarding Janet Burton

No. 25 -   all supervisory files, investigatory files, or other files or records regarding Janet Burton

No. 26 -   all documents concerning or relating to any reprimands, warning letters, written or verbal warnings, or other disciplines issued to Janet Burton

No. 28 -   documents concerning or relating to Defendant terminating (by or through Janet Burton or Angelique Kelly-Lara) any employees of Defendant either the same day that such individual was issued a Performance Improvement Plan, or in connection with such individual refusing to sign a Performance Improvement Plan

No. 29 -   documents concerning or relating to Defendant terminating (by or through Janet Burton or Angelique Kelly-Lara) any employees of Defendant in connection with such individual refusing to sign any disciplinary warning document

No. 31 -   documents concerning any investigation by Defendant or any of its employees into Plaintiff's claims of Janet Burton having discriminated against Plaintiff, harassed Plaintiff, or retaliated against Plaintiff

No. 44 -   documents concerning who replaced Plaintiff's employment with Defendant after Plaintiff's employment ended

No. 45 -   documents concerning, or relevant to, job descriptions for the Administrative Coordinator position Plaintiff held during her employment with Defendant

No. 47 -   documents concerning, or relevant to, job descriptions for the position of Administrative Coordinator as of August, 2006

No. 48 -   Janet Burton's job description

No. 49 -   Angelique Kelly-Lara's job description

No. 50 -   job description for the Chief Diversity Officer position held by Pat Harris

No. 51 -   any positions held by Pat Harris as of August, 2006

No. 52 -   job description for the Chief Diversity Office position as of August, 2006

No. 54 -   for the year 2006 employment policy provide any and all documents of Defendant that address any of the following issues:

    a.   discipline, investigation towards determining if discipline is to be imposed (including also termination), the steps that are to be

7

      followed before discipline is imposed, and considerations of what level of discipline is to be issued;

  b.  the steps that are to be followed before a performance improvement plan is issued to an employee, and considerations of whether a performance improvement plan is to be issued, and who is to review the PIP before it is issued (e.g. – human resources personnel, etc.);

  c.  internally applying for a new employment position, and criteria that is supposed to be used to select a candidate, and whether preference is to be given to internal and minority candidates;

  d.  that employees are supposed to notify their supervisor(s) that they are applying for new internal positions, and what the supervisors are supposed to do with this knowledge, and whether or not the supervisors are supposed to interfere and/ or have input with the employee obtaining such new positions;

  e.  how to internally complain of discrimination, and the investigatory procedures that Defendant is supposed to follow;

  f.  the duties and responsibilities of Defendant's Chief Diversity Officer;

  g.  Performance Improvement Plans;  and

  h.  Termination.

11.    As such, given the readily-apparent relevance and importance of the above-requested documents, we are concerned that McDonald's has used its aforesaid unreasonably narrow definition of the relevant issues as a clearly unjustifiable claimed justification to fail and refuse to produce such relevant documents.  We are also concerned that down the road (at either the time Defendant makes a motion for summary judgment or at the time of trial), Defendant McDonald's will then raise the aforesaid additional issues, or others, or attempt to use such issues for its own undue benefit and to Plaintiff Rodgers' great detriment, where

Defendant has purposely withheld production of relevant documents - which Defendant should not be permitted to do.

12. There would not be a severe burden upon Defendant McDonald's to produce such documents.

13. Defendant's purposeful failure and refusal to produce such above-referenced documents will cause substantial prejudice to Plaintiff's ability to prove her case and prevail over Defendant's defenses (at the summary judgment stage and at trial) in this litigation.

14. Accordingly, we hereby move this Court for an Order compelling Defendant McDonald's to produce such requested documents and/ or for an Order barring Defendant from later raising issues to which it has purposely withheld documents through its very odd and unreasonably narrow definition (listed in its document responses) of the relevant issues of this case (which Order would thereby prevent Defendant from later having an undue and unfair advantage in this litigation).

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order compelling Defendant McDonald's Corporation to produce such requested documents and/ or for an Order barring Defendant from later raising issues to which it has purposely withheld documents through its very odd and unreasonably narrow definition (listed in its document responses) of the relevant issues of this case.

                                            Respectfully submitted,

                                            By:_____
                                              David Porter

DAVID PORTER, ESQ.
Attorney for Plaintiff
11 S. LaSalle Street - Suite 1000
Chicago, Illinois 60603
(312) 236-1207