# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CAROL RODGERS,     )
            )
   Plaintiff,     )
            ) Case No. 07-C-6262
   v.        ) Judge Milton I. Shadur
            ) Magistrate Judge Mason
McDONALD'S CORPORATION,  )
            )
   Defendant.     )

## DEFENDANT McDONALD'S CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant McDonald's Corporation ("McDonald's") by its attorneys, provides these supplemental responses to Plaintiff Carol Rodgers' First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1. McDonald's generally objects to Plaintiff's First Request for Production of Documents to the extent that the "Definitions and Instructions" seek or attempt to impose definitions or instructions different from those imposed by the Federal Rules of Civil Procedure.

2. McDonald's also generally objects to Plaintiff's requests that seek "any and all documents" as overbroad and unduly burdensome to the extent that they seek documents not maintained in hard copy in McDonald's files.

3. McDonald's also generally objects to Plaintiff's requests as overbroad, unduly burdensome and seeking information that is neither relevant to the instant action nor reasonably likely to lead to the discovery of admissible evidence to the extent they seek information prior to March 1, 2004 or after August 8, 2006.

4.    McDonald's also generally objects to Plaintiff's requests to the extent they seek documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges from disclosure.  Any disclosure of documents protected by any such privilege or immunity shall be deemed inadvertent and shall not constitute a waiver of such privilege or other immunity.

All document request answers are without waiver of these general objections.    In addition, all answers are based upon investigation and discovery to date.  McDonald's reserves the right to supplement or amend these answers.

McDonald's will make all responsive documents available for Plaintiff's review at the Chicago office of Sidley Austin, LLP, One South Dearborn Street, Chicago, Illinois at a mutually convenient time.

## OBJECTIONS AND RESPONSES TO PARTICULAR DOCUMENT REQUESTS

1.    Provide any and all documents referring or relating to why Defendant terminated Plaintiff's employment.

**Response No. 1.**  Without waiving the aforementioned general objections, McDonald's states as follows: McDonald's did not terminate Plaintiff's employment.  Rather, Plaintiff resigned her employment with McDonald's on August 8, 2006.  McDonald's will produce all documents in its possession and/or control related to Plaintiff's resignation of her employment.

**Supplemental Response No. 1.**    See documents bates numbered MCD 0001, 0002, 0062, and Defendant's Illinois Department of Human Rights Position Statement, and exhibits thereto ("Position Statement") submitted to Plaintiff as part of Defendant's Initial Disclosures.

2.      Provide any and all documents referring or relating to the steps that were taken, and who was consulted, and what was considered in making the decision to terminate Plaintiff's employment.

**Response No. 2.**  Without waiving the aforementioned general objections, McDonald's states as follows: McDonald's did not terminate Plaintiff's employment. Rather, Plaintiff resigned her employment with McDonald's on August 8, 2006. McDonald's will produce all documents in its possession and/or control related to Plaintiff's resignation of her employment.

**Supplemental Response No. 2.**      See documents bates numbered MCD 0001, 0002, 0062, and Defendant's Position Statement submitted to Plaintiff as part of Defendant's Initial Disclosures.

3.      Provide any and all documents referring or relating to what was said at the August 8, 2006 meeting that was attended by Plaintiff, Janet Burton, and Angelique Kelly-Lara.

**Response No. 3.**  Without waiving its general objections. McDonald states that it has already produced as part of its Initial Disclosures a copy of its Position Statement (and exhibits thereto), submitted to the Illinois Department of Human Rights ("IDHR"), which addresses the August 8, 2006 meeting. McDonald's will produce any additional non-privileged documents in its possession and/or control that are responsive to this request.

**Supplemental Response No. 3.**      See documents bates numbered MCD 0001, 0002, and 0062.

4.      Provide any and all documents making any reference to Defendant having terminated Plaintiff's employment at the August 8, 2006 meeting that was attended by Plaintiff, Janet Burton, and Angelique Kelly-Lara.

**Response No. 4.**  Without waiving the aforementioned general objections, McDonald's states as follows: McDonald's did not terminate Plaintiff's employment. Rather, Plaintiff resigned her employment with McDonald's on August 8, 2006. McDonald's will produce all non-privileged documents in its possession and/or control related to Plaintiff's resignation of her employment.

**Supplemental Response No. 4.**  See documents bates numbered MCD 0001, 0002, 0062, and Defendant's Position Statement submitted to Plaintiff as part of Defendant's Initial Disclosures which support Defendant's position that Plaintiff resigned her employment. There are no documents which reference or support the position that Defendant terminated Plaintiff's employment.

5.  Provide any and all documents making any reference to Plaintiff having resigned her employment, either at the August 8, 2006 meeting, or elsewhere, that was attended by Plaintiff, Janet Burton, and Angelique Kelly-Lara.

**Response No. 5.**  Without waiving its general objections. McDonald states that it has already produced as part of its Initial Disclosures copies of its Position Statement, and exhibits thereto, submitted to the IDHR in this matter, which address the August 8, 2006 meeting. McDonald's will produce any additional non-privileged documents in its possession and/or control that are responsive to this document request.

**Supplemental Response No. 5.**  See documents bates numbered MCD 0001, 0002 and 0062.

6.  Provide any and all documents contradicting Defendant's claim that Plaintiff resigned her employment at the August 8, 2006 meeting that was attended by Plaintiff, Janet Burton, and Angelique Kelly-Lara.

**Response No. 6.**  No such documents exist.

4

7.    Provide any and all documents contradicting Plaintiff's claim that Defendant terminated Plaintiff's employment at the August 8, 2006 meeting that was attended by Plaintiff, Janet Burton, and Angelique Kelly-Lara.

**Response No. 7.** Without waiving its general objections, McDonald's states that it has already produced as part of its Initial Disclosures a copy of its Position Statement (and exhibits thereto) which addresses the August 8, 2006 meeting. McDonald's will produce any additional non-privileged documents in its possession and/or control that are responsive to this document request.

**Supplemental Response No. 7.**    See documents bates numbered MCD 0001, 0002 and 0062.

8.    Provide any and all documents referring or relating to why Defendant issued Plaintiff the Performance Improvement Plan document dated August 8, 2006.

**Response No. 8.** McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges from disclosure. McDonald's also objects on the grounds that this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce all non-privileged responsive documents in its possession and/or control that are not already included in its IDHR Position Statement.

**Supplemental Response No. 8.**      See documents bates numbered MCD 0004,

0005, 0040, 427-717 (generally), and Defendant's Position Statement submitted to Plaintiff as

part of Defendant's Initial Disclosures.

9.    Provide any and all documents showing when the initial draft of the PIP dated
August 8, 2006 first began to be prepared, and when it was first prepared, and by who it was
prepared and reviewed. In particular this should include, but not be limited to, computer print-
outs of the initial draft of the PIP, as well as any computer records that may show when this
document first began to be prepared.

**Response No. 9.**  McDonald's objects to this request on the grounds that it is

unduly burdensome to the extent that it seeks documents regarding the PIP not maintained in

hard copy in McDonald's files. McDonald's also objects on the grounds that this document

request seeks information that is neither relevant to the single question to be resolved by

Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation

for her allegedly having complained about race discrimination on August 3, 2006 – nor likely

to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its

objections, and without waiving any of those objections, McDonald's will produce all non-

privileged responsive documents maintained in Janet Burton's files.

**Supplemental Response No. 9.**      See documents bates numbered MCD 539,

and 541-543.

10.    Provide any and all documents referring or relating to the steps that were taken,
and who was consulted, and what was considered in making the decision to issue Plaintiff the
PIP dated August 8, 2006. In particular this should include, but not be limited to, e-mails
between Janet Burton, Angelique Kelly-Lara, and any other employees of Defendant with
regards to this PIP [sic]

**Response No. 10.**  McDonald's objects to this request on the grounds that it is

unduly burdensome to the extent that it seeks documents not maintained in hard copy in

McDonald's files. Furthermore, McDonald's objects to this request on the grounds that it

seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges. McDonald's also objects on the grounds that this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, in addition to the IDHR Position Statement already produced, McDonald's will produce non-privileged responsive documents maintained in Janet Burton's and Angelique Kelly-Lara's files.

**Supplemental Response No. 10.**    See documents bates numbered MCD 539, 541-543 and Defendant's Position Statement submitted to Plaintiff as part of Defendant's Initial Disclosures.

11.    Provide any and all documents regarding any positions Plaintiff applied for in 2005 and 2006, and any reasons why Plaintiff was not selected for such positions, and the qualifications and races of the individuals who were selected for such positions. In particular this should include any documents referring to Janet Burton speaking with any employees of Defendant concerning whether or not Plaintiff should be selected for any of the positions that Plaintiff had applied for in 2005 and 2006.

**Response No. 11.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents regarding any positions Plaintiff applied for" to the extent it seeks documents not maintained in hard copy in McDonald's files and positions not described in Plaintiff's complaint. McDonald's also objects on the grounds that this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race

7

discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. No documents will be produced in response to this request.

**12.** Provide any and all documents referring or relating to Plaintiff's August 3, 2006 verbal complaint to Pat Harris (Chief Diversity Officer), and any investigation regarding same.

**Response No. 12.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents referring or relating to" such conversation. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce all non-privileged documents that are in its possession and/or control that have not previously been produced to Plaintiff in this matter.

**Supplemental Response No. 12.** McDonald's maintains its objection to this request on the grounds that it is overbroad and unduly burdensome and further objects to the extent this request seeks information protected from disclosure by the attorney/client privilege and/or work-product doctrine. McDonald's withdraws its relevancy objection. Answering further, McDonald's incorporates its Position Statement submitted to Plaintiff as part of Defendant's Initial Disclosures. There are no additional documents in Defendant's possession and/or control that are responsive to this request as stated.

**13.** Provide any and all documents referring or relating to what was said by Plaintiff to Pat Harris and by Pat Harris to Plaintiff on August 3, 2006.

**Response No. 13.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents referring or relating to" such conversation. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce all non-privileged documents that are in its possession and/or control that have not previously been produced to Plaintiff in this matter.

**Supplemental Response No. 13.** McDonald's objects to this request on the grounds that it seeks information protected from disclosure by the attorney/client privilege and/or work-product doctrine. McDonald's withdraws other cited objections. Answering further, McDonald's incorporates its Position Statement submitted to Plaintiff as part of Defendant's Initial Disclosures. There are no additional documents in Defendant's possession and/or control that are responsive to this request as stated.

14.    Provide any and all documents referring or relating to any communications between Plaintiff and Pat Harris at any time during Plaintiff's employment with Defendant.

**Response No. 14.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents referring or relating to" such conversation. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her

allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead

to the discovery of admissible evidence regarding this single issue.   Subject to all of its

objections, and without waiving any of those objections, McDonald's will produce all relevant

documents that are in its possession and/or control that have not previously been produced to

Plaintiff in this matter.

**Supplemental Response No. 14.**    McDonald's maintains its objection to this

request on the grounds that it is overbroad and unduly burdensome and further objects to the

extent this request seeks information protected from disclosure by the attorney/client privilege

and/or work-product doctrine.   McDonald's withdraws its relevancy objection only with respect

to the August 3, 2006 conversation between Plaintiff and Pat Harris.   Answering further,

McDonald's incorporates its Position Statement submitted to Plaintiff as part of Defendant's

Initial Disclosures.   There are no additional documents in Defendant's possession and/or control

that are responsive to this request as stated.

**15.**    Provide any and all documents referring or relating to any internal complaints
made by Plaintiff, and any investigation by Defendant regarding same.

**Response No. 15.** McDonald's objects to this request on the grounds that it is

overbroad and unduly burdensome to the extent that it seeks "any and all documents referring

or relating to any" internal complaints.   McDonald's also objects to the extent this document

request seeks information that is neither relevant to the single question to be resolved by

Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation

for her allegedly having complained about race discrimination on August 3, 2006 – nor likely

to lead to the discovery of admissible evidence regarding this single issue and to the extent that

it seeks documents unrelated to complaints to McDonald's Human Resources Department, Pat

Harris or Ronald McDonald House Charities ("RMHC") management about retaliation. Furthermore, McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce all non-privileged, responsive documents in its possession and/or control.

**Supplemental Response No. 15.**    See documents bates numbered MCD 21-23.

16.    Provide any and all documents referring or relating to any internal complaints of race discrimination made by Plaintiff, and any investigation by Defendant regarding same.

**Response No. 16.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents referring or relating to any" internal complaints of race discrimination. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue and to the extent that it seeks documents unrelated to complaints to McDonald's Human Resources Department, Pat Harris or Ronald McDonald House Charities ("RMHC") management about retaliation. Furthermore, McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce all non-privileged, responsive documents in its possession and/or control.

**Supplemental Response No. 16.**    There are no documents in Defendant's possession and/or control that are responsive to this request as stated.

17.    Provide any and all personnel records of Defendant (including but not limited to the employee personnel file and management personnel file) for Carol Rodgers.

**Response No. 17.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks documents not maintained in hard copy in McDonald's files. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce all non-privileged hard-copy documents in its possession and/or control that are responsive to this document request.

**Supplemental Response No. 17.**    See documents bates numbered MCD 718-772.

18.    Provide any and all supervisory files, investigatory files, or other files or records regarding Carol Rodgers that were prepared or kept by any of the following: Janet Burton, Pat Harris, Marty Coyne, Angelique Kelly-Lara, Peggy Caputo, Kenneth Barun, and other management employees or H.R. employees of Defendant, and outside investigators hired by Defendant.

**Response No. 18.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks documents not maintained in hard copy in McDonald's files and documents from Peggy Caputo. Furthermore, McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence

regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce non-privileged responsive documents in its possession and/or control.

**Supplemental Response No. 18.**    See documents bates numbered MCD 0001-717.

19.    Provide any and all documents concerning Plaintiff's performance as an employee of Defendant including, but not limited to, performance appraisals, commendation letters, self-evaluations, exit interview documents, job descriptions, attendance records, compensation plans, reprimands, warning letters, praise letters, and criticisms or critiques of Plaintiff's performance and attendance, prepared by the Plaintiff, subordinates, co-workers, superiors, or others at any time during her employment and up to the present.

**Response No. 19.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks documents not maintained in hard copy in McDonald's files. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce Plaintiff's personnel file and Janet Burton's files regarding Plaintiff.

**Supplemental Response No. 19.**    In addition to Plaintiff's personnel file and Janet Burton's file regarding Plaintiff, Defendant has also produced Angelique Kelly-Lara's file regarding Plaintiff. See all aforementioned responsive documents bates numbered MCD 1-772 (generally).

**20.**    Provide any and all personnel records of Defendant (including but not limited to the employee personnel file and management personnel file) for Janet Burton.

**Response No. 20.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-privileged documents contained in Ms. Burton's employment file that are relevant to the allegations contained in Plaintiff's complaint.

**Supplemental Response No. 20.** Defendant has no documents in its possession and/or control that are relevant to the allegations contained in Plaintiff's complaint.

**21.**    Provide any and all documents concerning Janet Burton's performance as an employee of Defendant including, but not limited to, performance appraisals, commendation letters, self-evaluations, exit interview documents, job descriptions, attendance records, compensation plans, reprimands, warning letters, praise letters, and criticisms or critiques of Ms. Burton's performance and attendance, prepare by Ms. Burton, subordinates, co-workers, superiors, or others at any time during her employment and up to the present.

**Response No. 21.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-

privileged documents contained in Ms. Burton's employment file that are relevant to the allegations contained in Plaintiff's complaint.

**Supplemental Response No. 21.**    Defendant   has   no   documents   in   its possession and/or control that are relevant to the allegations contained in Plaintiff's complaint.

22.    Provide any and all documents concerning or relating to any complaints (internal or external, and verbal or written) by any current or former employee of Defendant alleging that Janet Burton had harassed them, discriminated against them, or retaliated against them.

**Response No. 22.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks documents unrelated to complaints to McDonald's Human Resources Department, Pat Harris or RMHC Management. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue.  Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any  non-privileged documents contained in Ms. Burton's employment file that are relevant to the allegations contained in Plaintiff's complaint.

**Supplemental Response No. 22.**    See documents bates numbered MCD 21-23

23.    Provide any and all documents concerning or relating to any complaints (internal or external, and verbal or written) by any current or former employee of Defendant regarding Janet Burton.

**Response No. 23.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks documents unrelated to complaints to McDonald's Human Resources Department, Pat Harris or RMHC Management.

McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-privileged documents contained in Ms. Burton's employment file that are relevant to the allegations contained in Plaintiff's complaint.

**Supplemental Response No. 23.**    See documents bates numbered MCD 21-23.

**24.**    Provide any and all documents concerning or relating to reprimands, warning letters, written or verbal warnings, or other disciplines issued to Janet Burton in connection with Ms. Burton's conduct and/or actions towards Carol Rodgers.

**Response No. 24.**    No such documents exist.

**25.**    Provide any and all supervisory files, investigatory files, or other files or records regarding Janet Burton.

**Response No. 25.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks documents unrelated to complaints to McDonald's Human Resources Department, Pat Harris or RMHC Management. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-privileged documents maintained in hard-copy that are relevant to the allegations contained in Plaintiff's complaint.

**Supplemental Response No. 25.**    Defendant    has    no    documents    in    its possession and/or control that are relevant to the allegations contained in Plaintiff's complaint.

**26.**    Provide any and all documents concerning or relating to any reprimands, warning letters, written or verbal warnings, or other disciplines issued to Janet Burton.

**Response No. 26.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-privileged documents maintained in hard-copy that are relevant to the allegations contained in Plaintiff's complaint.

**Supplemental Response No. 26.**    Defendant    has    no    documents    in    its possession and/or control that are relevant to the allegations contained in Plaintiff's complaint.

**27.**    Provide any and all documents concerning, or relevant to, all efforts by Defendant to prevent Janet Burton from racially discriminating, racially harassing, or retaliating against Plaintiff.

**Response No. 27.**    Without waiving the aforementioned general objections, McDonald's will produce employee personnel policies and procedures that are responsive to this production request.

**Supplemental Response No. 27.**    See documents bates numbered MCD 773-1094 and 1347-1367.

28.     Provide any and all documents concerning or relating to Defendant terminating (by or through Janet Burton or Angelique Kelly-Lara) any employees of Defendant either the same day that such individual was issued a Performance Improvement Plan, or in connection with such individual refusing to sign a Performance Improvement Plan.

**Response No. 28.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's states that no such documents exist.

29.     Provide any and all documents concerning or relating to Defendant terminating (by or through Janet Burton or Angelique Kelly-Lara) any employees of Defendant in connection with such individual refusing to sign any disciplinary warning document.

**Response No. 29.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald states that no such documents exist.

30.     Provide any and all documents concerning any investigation by Defendant or any of its employees into Plaintiff's claims of Defendant's violations of her rights under Title VII.

**Response No. 30.** McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product

doctrine, and/or other privileges. Subject to all of its objections, and without waiving any of those objections, McDonald's states that no non-privileged, responsive documents exist.

**Supplemental Response No. 30.**    See documents bates numbered MCD 21-23.

31.    Provide any and all documents concerning any investigation by Defendant or any of its employees into Plaintiff's claims of Janet Burton having discriminated against Plaintiff, harassed Plaintiff, or retaliated against Plaintiff.

**Response No. 31.** McDonald's objects to this request on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges from disclosure. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-privileged, responsive documents.

**Supplemental Response No. 31.**    See documents bates numbered MCD 21-23.

32.    Provide any and all documents concerning any investigation by Defendant or any of its employees into Plaintiff's claims of discrimination, harassment, or retaliation, or other wrongdoing having been committed against her either in her employment with Defendant [sic].

**Response No. 32.** McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce any non-privileged, responsive documents.

**Supplemental Response No. 32.**    See documents bates numbered MCD 21-23.

33.    Provide any and all documents concerning or relating to reprimands, warning letters, written or verbal warnings, or other disciplines issued to Angelique Kelly-Lara in connection with Ms. Kelly-Lara's conduct and/or actions towards Carol Rodgers.

**Response No. 33.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue.  Subject to all of its objections, and without waiving any of those objections, McDonald's states that no such documents exist.

**Supplemental Response No. 33.**    McDonald's withdraws its stated objections. See documents bates numbered MCD 21-23.

34.    Provide any and all documents concerning or relating to reprimands, warning letters, written or verbal warnings, or other disciplines issued to any employees of Defendant in connection with their conduct and/or actions towards Carol Rodgers.

**Response No. 34.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue.  Subject to all of its objections, and without waiving any of those objections, McDonald's states that no such documents exist.

35.    Provide any and all documents concerning or relating to Defendant's personnel file of Plaintiff that are not contained within such personnel file.

**Response No. 35.** McDonald's objects to this request on the grounds that "concerning or relating to Defendant's personnel file of Plaintiff" is vague and ambiguous and that the request is overbroad and unduly burdensome to the extent that it seeks documents not maintained in hard copy in McDonald's files. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce Janet Burton's and Angelique Kelly-Lara's files regarding Plaintiff.

    **Supplemental Response No. 35.**    See documents bates numbered MCD 1-718.

    **36.**    Provide Defendant's compensation manual (to the extent relevant to Plaintiff's employment (also including the years following her employment, which would be relevant if her employment had not been terminated) for the years 2004 to 2008. This information shall also include but not be limited to: salary band information for Plaintiff's position and any positions that Plaintiff applied for in 2006.

    **Response No. 36.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. McDonald's will produce documents responsive to this request.

    **Supplemental Response No. 36.**    See documents bates numbered MCD 773-891 and 1095.

    **37.**    Provide any and all documents submitted to the Illinois Department of Human Rights ("IDHR") in connection with any Charges brought by Carol Rodgers.

    **Response No. 37.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her

allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Without waiving said objections, McDonald's will produce all relevant documents in its possession and/or control that is responsive to this document request.

**Supplemental Response No. 37.**    See documents bates numbered MCD 1096-1107.

38.    Provide any and all documents received from the IDHR in connection with any Charges brought by Carol Rodgers.

**Response No. 38.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Without waiving said objections, McDonald's will produce all relevant documents in its possession and/or control that are responsive to this document request.

**Supplemental Response No. 38.**    See Position Statement submitted to Plaintiff as part of Defendant's Initial Disclosures. Also see documents bates numbered MCD 1108-1342.

39.    Provide any and all documents submitted to the Equal Employment Opportunity Commission ("EEOC") in connection with any Charges brought by Carol Rodgers.

**Response No. 39.** No such documents exist.

40.    Provide any and all documents received form the EEOC in connection with any Charges brought by Carol Rodgers.

**Response No. 40.**   McDonald's will produce all documents responsive to this

request.

**Supplemental Response No. 40.**     See documents bates numbered MCD 1343-

1344.

41.     Provide any and all documents concerning or relating to communications from or to the Illinois Department of Employment Security regarding Carol Rodger.

**Response No. 41.** McDonald's will produce all documents responsive to this

request.

**Supplemental Response No. 41.**     See documents bates numbered MCD 1345-

1346.

42.     Provide any and all statements taken from witnesses or potential witnesses in connection with the allegations of Plaintiff in this lawsuit and/ or Defendant's defense of this lawsuit (such statements shall include statements signed by such witnesses as well as statements not signed by such witnesses).

**Response No. 42.** McDonald's objects to this request on the grounds that

"statements" is vague and ambiguous and on the grounds that it seeks documents protected

from disclosure by the attorney-client privilege, the work product doctrine, and/or other

privileges from disclosure.   Subject to all of its objections, and without waiving any of those

objections, McDonald's states that no non-privileged, responsive documents exist.

43.     Provide any and all documents concerning any statement taken or received from any person who had any information or knowledge relevant to the incidents that occurred between Plaintiff and any of the individuals mentioned in Plaintiff's Federal Complaint in this lawsuit.

**Response No. 43.** McDonald's objects to this request on the grounds that

"statement" and "the incidents" are vague and ambiguous and on the grounds that it seeks

documents protected from disclosure by the attorney-client privilege, the work product

doctrine, and/or other privileges from disclosure. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. Subject to all of its objections, and without waiving any of those objections, McDonald's will produce non-privileged and relevant documents responsive to this request.

**Supplemental Response No. 43.**    See documents bates numbered MCD 1-717.

**44.**    Provide any and all documents concerning who replaced Plaintiff's employment with Defendant after Plaintiff's employment ended.

**Response No. 44.**    McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents" concerning Plaintiff's replacement. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. No documents will be produced in response to this document request.

**45.**    Provide any and all documents concerning, or relevant to, job descriptions for the Administrative Coordinator position Plaintiff held during her employment with Defendant.

**Response No. 45.** McDonald's objects to this request on the grounds that it is vague and ambiguous to the extent that it seeks "any and all documents concerning, or relevant to" Plaintiff's job description. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's

complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue.  No documents will be produced in response to this request.

**Supplemental Response No. 45.**    Subject to all of its objections, McDonald's will produce Plaintiff's performance reviews, which contain detailed descriptions of McDonald's performance expectations with respect to Plaintiff's position.  See documents bates numbered MCD 718-772 (generally).

**46.**    Provide any and all documents concerning, or relevant to, job descriptions for any positions Plaintiff held during her employment with Defendant.

**Response No. 46.** See Response No. 45.

**Supplemental Response No. 46.**    Subject to all of its objections, McDonald's will produce Plaintiff's performance reviews, which contain detailed descriptions of McDonald's performance expectations with respect to Plaintiff's position.  See documents bates numbered MCD 718-772 (generally).

**47.**    Provide any and all documents concerning, or relevant to, job descriptions for the position of Administrative Coordinator as of August, 2006.

**Response No. 47.** See Response No. 45.

**Supplemental Response No. 47.**    Subject to all of its objections, McDonald's will produce Plaintiff's performance reviews, which contain detailed descriptions of McDonald's performance expectations with respect to Plaintiff's position.  See documents bates numbered MCD 718-772 (generally).

**48.** Provide any and all documents concerning, or relevant to, job descriptions for the position held by Janet Burton as of August 8, 2006.

**Response No. 48.** See Response No. 45.

**Supplemental Response No. 48.** McDonald's objects to this request on the grounds that it is vague and ambiguous to the extent that it seeks "any and all documents concerning, or relevant to" Plaintiff's job description. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. No documents will be produced in response to this request.

**49.** Provide any and all documents concerning, or relevant to, job descriptions for the position held by Angelique Kelly-Lara as of August 8, 2006.

**Response No. 49.** See Response No. 45.

**Supplemental Response No. 49.** McDonald's objects to this request on the grounds that it is vague and ambiguous to the extent that it seeks "any and all documents concerning, or relevant to" Plaintiff's job description. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. No documents will be produced in response to this request.

**50.** Provide any and all documents concerning, or relevant to, job descriptions for the position of Chief Diversity Officer held by Pat Harris at the time Plaintiff's employment was terminated.

**Response No. 50.** See Response No. 45.

**Supplemental Response No. 50.** McDonald's objects to this request on the grounds that it is vague and ambiguous to the extent that it seeks "any and all documents concerning, or relevant to" Plaintiff's job description. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. No documents will be produced in response to this request.

51.　　Provide any and all documents concerning, or relevant to, job descriptions for the position held by Pat Harris as of August 8, 2006.

**Response No. 51.**　　See Response No. 45.

**Supplemental Response No. 51.** McDonald's objects to this request on the grounds that it is vague and ambiguous to the extent that it seeks "any and all documents concerning, or relevant to" Plaintiff's job description. McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. No documents will be produced in response to this request.

52.　　Provide any and all documents concerning, or relevant to, job descriptions for the position of Chief Diversity Officer as of August, 2006.

**Response No. 52.** See Response No. 45.

**Supplemental Response No. 52.** McDonald's objects to this request on the grounds that it is vague and ambiguous to the extent that it seeks "any and all documents concerning, or relevant to" Plaintiff's job description.  McDonald's also objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue.  No documents will be produced in response to this request.

**53.**    For the year 2006, provide any and all Employee Handbooks relating to plaintiff's employment with Defendant.

**Response No. 53.** McDonald's will produce the requested documents.

**Supplemental Response No. 53.**  See documents bates numbered MCD 773-1094; and 1347-1367

**54.**    For the year 2006 employment policy provide any and all documents of Defendant that address any of the following issues:

    a.     discipline, investigation towards determining if discipline is to be imposed (including also termination), the steps that are to be followed before discipline is imposed, and considerations of what level of discipline is to be issued;

    b.     the steps that are to be followed before a performance improvement plan is issued to an employee, and considerations of whether a performance improvement plan is to be issued, and who is to review the PIP before it is issued (e.g. – human resources personnel, etc.);

    c.     internally applying for a new employment position, and criteria that is supposed to be used to select a candidate, and whether preference is to be given to internal and minority candidates;

    d.     that employees are supposed to notify their supervisor(s) that they are applying for new internal positions, and what the supervisors are supposed to do with this knowledge, and whether or not the supervisors are supposed to interfere and/ or have input with the employee obtaining such new positions;

e.      how to internally complain of discrimination, and the investigatory procedures that Defendant is supposed to follow;

f.      the duties and responsibilities of Defendant's Chief Diversity Officer;

g.      Performance Improvement Plans; and

h.      Termination.

**Response No. 54.** McDonald's objects to the extent this document request seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue. McDonald's will produce all relevant documents in its possession and/or control.

**Supplemental Response No. 54.**   See documents bates numbered MCD 773-1094; and 1347-1386.

55.      Provide any and all documents referring or relating to Plaintiff's income from Defendant, and the value of that income (salary as well as benefits), for the years 2004, 2005 and 2006.

**Response No. 55.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks "any and all documents referring or relating to Plaintiff's income." Subject to all of its objections, and without waiving any of those objections, McDonald's will produce annual compensation documents showing Plaintiff's total cash compensation for 2005 and 2006, as well as documents related to employee benefits for which Plaintiff was eligible.

56.      Plaintiff's W-2's from her employment with Defendant for the years 2004 to 2006.

**Response No. 56.** McDonald's will produce responsive documents.

**Supplemental Response No. 56.** See documents bates numbered MCD 1387-1389.

57.   Provide any and all Curriculum vitaes of all expert witnesses that Defendant expects to call at the trial of this matter.

**Response No. 57.** McDonald's has retained no expert witnesses at this time but reserves the right to do so.

58.   Provide any and all documents referring or relating to communications between Defendant (including but not limited to Defendant's attorneys) and any expert witness that Defendant expects to call at the trial of this matter.

**Response No. 58.** McDonald's objects to this request on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges from disclosure. Subject to all of its objections, and without waiving any of those objections, McDonald's states that no such documents exist at this time but reserves the right to supplement.

59.   Provide any and all documents that Defendant contends support Defendant's Affirmative Defenses to Plaintiff's Federal Complaint in this lawsuit.

**Response No. 59.** McDonald's has raised no Affirmative Defenses at this time but reserves the right to do so as evidence becomes available. Accordingly, no such documents exist. Investigation continues.

60.   Provide any and all documents that contradict Defendant's Affirmative Defenses to Plaintiff's Federal Complaint in this lawsuit.

**Response No. 60.** See Response No. 59.

61.   Provide any and all documents relating to Plaintiff's damages.

**Response No. 61.** McDonald's objects to this request on the grounds that it is overbroad and unduly burdensome to the extent that it seeks information that is in Plaintiff's possession. No documents will be produced in response to this request.

Respectfully submitted,

McDONALD'S CORPORATION

By: _____
One of its attorneys

Nigel F. Telman
Marianne Congdon-Hohman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
One South Dearborn Street
Chicago, IL  60603
(312) 853-7000
Chicago, IL

Dated: June 24, 2008