**DAVID PORTER**
Attorney at Law

11 S. LaSalle Street
Suite 1000
Chicago, Illinois 60603
(312) 236-1207

June 10, 2008

<u>Via E-Mail and Regular Mail</u>

Nigel F. Telman, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603

        Re:  <u>Carol Rodgers v. McDonald's Corporation</u>
             <u>Federal Docket No. 07-C-6262</u>

Dear Mr. Telman:

      This letter addresses your client's responses to Plaintiff's First Requests for Production of Documents and your client's responses to Plaintiff's First Set of Interrogatories. We believe that there are some serious deficiencies in these responses that may serve to undermine Plaintiff's efforts to obtain discovery (and prove her case) under the Federal Rules. It is our hope that we can amicably resolve these issues short of a motion to compel. These deficiencies are discussed below.

**Deficiencies with Defendant's Responses**
**to Plaintiff's First Document Demands**

      McDonald's Corporation ("McDonald's") entirely, and improperly, failed and refused to identify in its document responses any bates numbers of documents that were responsive to the individual numbered requests. This wholesale deficiency was particularly exacerbated by McDonald's repeatedly providing that it "will produce" documents and that its "investigation continues" (see, e.g., responses to Nos. 1-5, 7-10, 12-23, 25-27, 31-32, 35-38, 40-41, 43, 53-57). This has made it extremely difficult to identify and verify which, if any, documents McDonald's has provided (and whether all responsive documents have been provided) in response to the particular requests - and it appears to be an attempt by McDonald's to avoid accountability. Accordingly, McDonald's responses should in good faith be revised to specify the applicable bates numbers responsive to each of the particular requests where documents have been provided.

      Additionally, within McDonald's responses (see, e.g. Nos. 8-16, 18-23, 25-26, 28-29, 31, 33-34, 36-38, 43-52, and 54) it repeatedly has used an overly narrow - and in fact clearly unreasonably narrow - definition of the relevant issues as allegedly just being:

> "whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006"

In fact there are also many other relevant issues to this case, and towards her proving her case, including but by no means limited to the following:

- Whether Plaintiff Rodgers had a reasonable belief that she was being racially discriminated against

    - with this reasonably including documents regarding Ms. Rodgers' work performance, the positions Ms. Rodgers applied for (as well as information regarding the other applicants, Ms. Rodgers' and the other applicants' qualifications for such positions, and how the selections were made), and McDonald's past conduct towards Ms. Rodgers and other employees (regarding disciplines, PIP's, and terminations) to obtain a reasonably full and accurate picture of what was occurring and whether Ms. Rodgers' belief that she was being discriminated was reasonable;

- Whether McDonald's (primarily, but not limited to, Pat Harris, Janet Burton and/or Angelique Kelly-Lara) believed Ms. Rodgers was complaining of race discrimination

    - with this reasonably including documents regarding all communications between Ms. Rodgers and Pat Harris, as well as communications by, to, from the above individuals, and others, regarding Ms. Rodgers;

- Whether McDonald's (primarily, but not limited to, Janet Burton and Angelique Kelly-Lara) retaliated against Ms. Rodgers for her complaints of race discrimination in the issuance to her of the August 8, 2006 Performance Improvement Plan ("PIP")

    - with this reasonably including documents regarding McDonald's past conduct towards Ms. Rodgers and other employees, Ms. Rodgers' complaints of same and other employees' complaints of same, and McDonald's subsequent/ resulting conduct; and

    - with this also reasonably including documents regarding McDonald's past conduct towards:

        - employees who made complaints;
        - employees who made complaints of race discrimination
        - employees who did not make complaints

        and McDonald's subsequent/ resulting conduct to such three categories of employees, and whether there was a difference in McDonald's conduct towards such employees, and whether retaliation was the reason;

- Plaintiff Rodgers' damages; and

- Defendant McDonald's claimed defenses to this lawsuit

(see Plaintiff's Federal Complaint and the detailed contents of her interrogatory responses). As such, we are concerned that McDonald's has used its listed unreasonably narrow definition of the relevant issues as an unjustifiable claimed justification to fail and refuse to produce relevant documents. Accordingly, we urge McDonald's to revisit and revise its responses and - using a reasonably broad interpretation of the issues - produce additional documents responsive to our document requests.

Because of the aforesaid improper manner in which McDonald's has responded to the document requests, we are not yet able to fully determine the extent of how McDonald's has failed to fully provide documents responsive to our requests. Once McDonald's has properly provided the bates numbers to the particular responses, and produced additional relevant documents in accordance with a reasonably broad interpretation of the issues, then we will be able to further determine this.

**Deficiencies with Defendant's Responses**
**to Plaintiff's Interrogatory Demands**

There were a number of serious deficiencies with McDonald's responses to Plaintiff's First Set of Interrogatories:

No. 2 -   This interrogatory called for your client to identify all individuals that Pat Harris informed of Plaintiff Rodgers' August 3, 2006 complaint to/ conversation with Ms. Harris, or who otherwise became aware of such complaint/ conversation at any time between August 3, 2006 and when Plaintiff's employment ended on August 8, 2006, and advise what they were informed of and when they were so informed. This information was to include, but not be limited to, whether Janet Burton and/ or Angelique Kelly-Lara became aware directly or indirectly of Plaintiff's aforesaid complaint to/ conversation with Pat Harris, and what specifically they were informed of and by who and when.

McDonald's advised that Ken Barrun had become aware of Ms. Harris' conversation with Ms. Harris in this period. But as to whether or not other individuals found out about such conversation/ complaint, McDonald's merely provided that "Investigation continues".

Notably, this was a very specific interrogatory involving one of the central issues of this case, and McDonald's certainly had easy access to discover whether Janet Burton and/ or Kelly Burton and other employees became aware of such complaint/ conversation in that narrow period. Moreover, it has now been 2-½ months since McDonald's gave its responses to this

interrogatory, and McDonald's has not supplemented this interrogatory, which it certainly should do without further delay.

No. 4 - This interrogatory called for McDonald's to describe in detail all complaints (verbal and written) that either Plaintiff Rodgers or any other employee of McDonald's made to either McDonald's Human Resources Department or Pat Harris or McDonald's management personnel about Janet Burton, and to then provide certain information (a-f) regarding same.

McDonald's listed four complaints by Ms. Rodgers, only, and refused to provide complaints by other employees - with McDonald's instead repeating the overly narrow, and unreasonably narrow definition of relevant issues that I have previously discussed above with reference to Defendant's responses to Plaintiff's First request for Production of Documents. For the same reasons as what I have previously discussed regarding McDonald's document responses, McDonald's should have, and still should, also provide the requested information regarding complaints by individuals other than Ms. Rodgers about Janet Burton.

Additionally, and specifically with regards to the four complaints that McDonald's listed Ms. Rodgers as having made, McDonald's did not fully respond to the (a-f) subparts. For example:

- McDonald's never identified when Janet Burton found out about any of the four listed complaints, nor what she was advised of

- McDonald's failed to advise whether Janet Burton was disciplined in connection with the first or fourth listed complaints

No. 5 - This interrogatory called for McDonald's to describe in detail what specifically Plaintiff Rodgers said to Marty Coyne, and what Marty Coyne said to Plaintiff Rodgers, in a conference room in the afternoon of August 3, 2006.

McDonald's only provided the following information: "Mr. Coyne recalls discussing Plaintiff's application for a job in the Raleigh/Durham region.", which did not fully respond to this interrogatory. Additional information should be provided unless Mr. Coyne does not remember anything more than that - and if that is the case then that should be so stated.

No. 9 -   This interrogatory called for McDonald's to identify all individuals who were involved either in discussions regarding the decision to place Plaintiff on the PIP (that was issued to Plaintiff on August 8, 2006), or involved in making such decision to issue Plaintiff the PIP. For each of these individuals, describe in detail each of their specific involvement and suggestions (and when such involvement took place) regarding Defendant issuing Plaintiff the PIP.

McDonald's only provided the following information: "Janet Burton, Marty Coyne, Angelique Kelly-Lara and Brett Rawitz were involved in deciding to place Plaintiff on the August 8, 2006 PIP.", although in response to interrogatory No. 8c-d McDonald's had further provided that "Ms. Kelly-Lara met with Bret Rawitz, Marty Coyne and Janet Burton on July 19, 2007 regarding returning Plaintiff to a PIP."

McDonald's aforesaid response(s) failed to describe in detail each of their suggestions (and when such suggestions took place) regarding McDonald's issuing Plaintiff Rodgers the PIP. This should include, but not be limited to, whether any of these individuals (and if so who and when) at any time voiced an opinion that Ms. Rodgers should not be put on a PIP or voiced an opinion that instead a written warning or other approach should be attempted to address the situation.

No. 10 -   This interrogatory called for McDonald's to identify all individuals who were involved either in discussions regarding the decision to place Plaintiff on the PIP (that was issued to Plaintiff on or about January 25, 2005), or involved in making such decision to issue Plaintiff the PIP. For each of these individuals, describe in detail each of their specific involvement and suggestions (and when such involvement took place) regarding Defendant issuing Plaintiff the PIP.

McDonald's only provided the following information: "Janet Burton and Marty Coyne were involved in deciding to place Plaintiff on the January 25, 2005 PIP."

McDonald's aforesaid response(s) failed to describe in detail each of their suggestions (and when such suggestions took place) regarding McDonald's issuing Plaintiff Rodgers the January 25, 2005 PIP. This should include, but not be limited to, whether either of these individuals (and if so who and when) at any time voiced an opinion that Ms. Rodgers should not be put on a PIP or voiced an opinion that instead a written warning or other approach should be attempted to address the situation.

No. 12 -   This interrogatory called for McDonald's to list the last known home telephone number and home address for 25 specific individuals.

McDonald's refused and thusfar failed to provide any of this information, instead providing an overbroad objection and stating as follows:

> "McDonald's objects to providing the home address and telephone number of its current employees because such employees can only be contacted through McDonald's counsel. Subject to all of its objections, and without waiving any of those objections, McDonald's will provide the last known contact information for non-current employees as part of its document production."

We have thusfar not seen any document production of the last home address or telephone number of any of the requested individuals, despite it having been 2-½ months since McDonald's gave its responses.

Moreover, McDonald's aforesaid objection is overbroad. It is one thing to object to producing such information for managerial employees in the control group, but McDonald's objection goes well beyond that to all current employees (including non-managerial and managerial that is not in the control group). See, e.g., Orlowski v. Dominick's Finer Foods, Inc., 937 F.Supp. 723 (NDIL 1996). If you and McDonald's continue to insist on not providing the last known home address and telephone numbers for current non-managerial employees and managerial employees who are not in the control group, then please advise me of your reason and claimed justification for this position, and provide case cites or other authority for your and McDonald's position.

Please call me this week to have a Local Rule 37.2 conference to discuss and hopefully resolve the above. Do not hesitate to contact me if you have any questions.

Sincerely,

David Porter

cc: Carol Rodgers