UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CAROL RODGERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07-C-6262 |
| -against- | ) | |
| | ) | Judge Milton I. Shadur |
| **McDONALD'S CORPORATION,** | ) | |
| | ) | Magistrate Judge Mason |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION
OF SUPPLEMENTARY INTERROGATORY RESPONSES**

Plaintiff Carol Rodgers, by and through her counsel, hereby moves this Court for an Order to Compel production of supplemental interrogatory responses from Defendant McDonald's Corporation ("McDonald's") in connection with the following:

- Interrogatories 2, 4, 9, 10, and 12

and in support of this motion we state as follows:

1. This motion is interrelated to Plaintiff's currently pending motion to compel production of documents, which motion is also returnable before Your Honor on Tuesday July 29, 2008.

1

**Background**

2. As provided in Plaintiff's accompanying motion, this is a Title VII retaliation case in which Plaintiff Rodgers has alleged at paragraph 31 of her Federal Complaint (Exhibit "C") that:

> "Defendant McDonald's Corp. has intentionally retaliated against Plaintiff due to Plaintiff's **complaints** of race discrimination, **in the terms and conditions of her employment, in the termination of her employment, and otherwise**, all in violation of Title VII of the Civil Rights Act of 1964 …"

(emphasis supplied).

3. Plaintiff Rodgers (whose race is black) has also alleged in this lawsuit that three (3) workdays after she complained of race discrimination to her employer's Chief Diversity Officer (Pat Harris) - in connection with her having been treated in a discriminatory manner, discriminatorily held back, and passed over for advancement opportunities - that she was called into a meeting (with her supervisor Janet Burton, and Angelique Kelly-Lara of HR), and she was advised that she was being placed on a performance improvement plan and, when she stated that what her supervisor was saying was not true and that she would not sign the PIP, her employer suddenly terminated her employment. Defendant, in this lawsuit, has denied firing Plaintiff and has instead claimed that Plaintiff resigned her employment.

4. Additionally, Plaintiff Rodgers in her interrogatory responses (Exhibit "D") - particularly in response to Interrogatory No. 1 - has also clarified and pointed to additional internal complaints by Plaintiff during her employment with Defendant, of race discrimination, and of being subjected to hostility and a hostile and abusive work environment, and that there was a retaliatory pattern (relevant to and further supporting her

2

claims herein) that repeatedly when Plaintiff had made such protected and other complaints her supervisor (Janet Burton) had retaliated against her.

5. On February 7, 2008 we served on Defendant's counsel "Plaintiff's First Set of Interrogatories to Defendant". Defendant served its initial responses to same on March 19, 2008.

6. Due to numerous deficiencies with Defendant's initial interrogatory responses, by letter dated June 10, 2008 Plaintiff's counsel sent a Rule 37.2 letter to Defendant's counsel outlining such deficiencies which served to undermine Plaintiff's efforts to obtain discovery as provided by the Federal Rules towards proving Plaintiff's case (a copy of said June 10th letter is annexed hereto at Exhibit "B").

7. A Local Rule 37.2 conference was held on June 19th by telephone. As confirmed by my June 19th e-mail (Exhibit "E"), at the conference with regards to our claimed deficiencies with Defendant McDonald's responses to Plaintiff's first set of interrogatories:

- As to No. 2 and 4, McDonald's agreed to provide additional information as we had requested in my June 10th letter (Exhibit "B"), with such supplemental responses to be provided to Plaintiff's counsel by June 12th

- As to Nos. 5, 9, 10, and 12 McDonald's was not willing to supplement its answers

8. On June 24th Defendant served its supplemental interrogatory responses (Exhibit "A").[1] A review of the supplemental responses reveals that notwithstanding what McDonald's had advised at the Local Rule 37.2 conference, Defendant did supplement its

---

[1] It should be noted that Exhibit "A is Defendant's supplemental responses to Plaintiff's first set of interrogatories to Defendant, dated June 24, 2008. The supplemental part of these interrogatory responses (in contrast to, and distinguishing from, Defendant's initial responses) are contained within Exhibit "A" at "Supplemental Answer to _____ Interrogatory" throughout such document.

3

answers to not just Nos. 2 and 4, but also Nos. 9 and 10 - yet, as discussed and shown in the remainder of this motion, there continued to be deficiencies with these supplemental responses (as well as with the aforesaid answers that Defendant was not willing to supplement).[2]

**A Close Review of the Interrogatories, and**
**McDonald's Deficiencies in Responding to Same**

      9.      Provided below is a discussion of the interrogatories in issue in this motion, as well as how Defendant McDonald's responses (and where relevant their supplementary responses) were and are deficient (this is also discussed within my June 10th letter at Exhibit "B", as well as within my e-mails contained at Exhibit "F").

No. 2 -      This interrogatory called for Defendant to identify all individuals that Pat Harris informed of Plaintiff Rodgers' August 3, 2006 complaint to/ conversation with Ms. Harris, or who otherwise became aware of such complaint/ conversation at any time between August 3, 2006 and when Plaintiff's employment ended on August 8, 2006, and advise what they were informed of and when they were so informed. This information was to include, but not be limited to, whether Janet Burton and/ or Angelique Kelly-Lara became aware directly or indirectly of Plaintiff's aforesaid complaint to/ conversation with Pat Harris, and what specifically they were informed of and by who and when.

      10.      McDonald's initially advised that Ken Barrun had become aware of Ms. Harris' conversation with Ms. Harris in this period. But as to whether or not other individuals found out about such conversation/ complaint, McDonald's merely provided that "Investigation continues".

---

[2] A subsequent Local Rule 37.2 conference was also held by telephone on June 27th, in which we were not able to resolve our differences as to the supplemented Nos. 4, 9, and 10. But at that conference it was Plaintiff's belief that we did resolve our differences as to No.2 - but subsequent e-mail communications (see the string of e-mails at Exhibit "F") did not succeed in Defendant further supplementing its response to No. 2 despite Defendant having agreed to do so.

4

11. Notably, this was a very specific interrogatory involving one of the central issues of this case, and McDonald's certainly has easy access to discover whether Janet Burton and/ or Kelly Burton and other employees became aware of such complaint/ conversation in that narrow period.

12. While Defendant did supplement its response to No. 2 (pointedly providing only as to what Pat Harris recalled and didn't recall), and Defendant through its counsel did offer in an e-mail dated July 11th (at Exhibit "F") to further supplement their response by providing that:

> "neither Angelique Kelly-Lara or Janet Burton recall being told by anyone or otherwise knowing about the **specific contents of the conversation** between Carol Rodgers and Pat Harris which took place on August 3, 2006."    (emphasis supplied)

this was still deficient. More specifically, and as I had provided in my July 14th e-mail to Defendant's counsel (Exhibit "F"), the problem with the second paragraph of Defendant's counsel's 7/11 e-mail is that "neither Angelique Kelly-Lara or Janet Burton recall being told by anyone or otherwise knowing about the specific contents of the conversation between Carol Rodgers and Pat Harris which took place on August 3, 2006" does not foreclose the possibility that they heard that Carol Rodgers had spoken with Pat Harris (even if they didn't know the "specific contents of the conversation"), which also is information that we are looking for. Then, if they had been told that Carol Rodgers and Pat Harris had spoken, we want to know the full extent of what they were told, by who, and when (i.e. - before or after Plaintiff was issued the PIP on August 8th, with as much specificity as to the date as they can get) - recall that there was a history here of Plaintiff in the past having complained of discrimination, and so such individuals' mere knowledge that Plaintiff had spoken with the Chief Diversity Officer (without even knowing the "specific content of the conversation")

may very well be sufficient to constitute knowledge of protected speech to which retaliation is prohibited.

13. Defendant's counsel did not further respond to my July 14th e-mail, nor did Defendant provide any further supplemental response (despite Defendant's counsel having previously promised that Defendant would do so).

No. 4 - This interrogatory called for McDonald's to describe in detail all complaints (verbal and written) that either Plaintiff Rodgers or any other employee of McDonald's made to either McDonald's Human Resources Department or Pat Harris or McDonald's management personnel about Janet Burton, and to then provide certain information (a-f) regarding same.

14. McDonald's initially, and subsequently, only listed four complaints by Ms. Rodgers, and has refused to provide complaints by other employees - with McDonald's instead repeating and using the overly narrow, and unreasonably narrow, definition of relevant issues that we have previously addressed in detail within Plaintiff's motion to compel production of documents[3], as a claimed justification to fail and refuse to provide such information. For the same reasons as what we have provided in Plaintiff's accompanying motion McDonald's should be compelled to disclose all complaints about Janet Burton that were made by any employee to either McDonald's Human Resources Department or Pat Harris or McDonald's management personnel (and to then further answer the subparts of this interrogatory).

---

[3] More specifically, Defendant stated such overly narrow issues as just being: "whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006"

6

No. 9  -   This interrogatory called for McDonald's to identify all individuals who were involved either in discussions regarding the decision to place Plaintiff on the PIP (that was issued to Plaintiff on August 8, 2006), or involved in making such decision to issue Plaintiff the PIP. For each of these individuals, describe in detail each of their specific involvement and suggestions (and when such involvement took place) regarding Defendant issuing Plaintiff the PIP.

15. McDonald's initially only provided the following information: "Janet Burton, Marty Coyne, Angelique Kelly-Lara and Brett Rawitz were involved in deciding to place Plaintiff on the August 8, 2006 PIP.", although in response to interrogatory No. 8c-d McDonald's had further provided that "Ms. Kelly-Lara met with Bret Rawitz, Marty Coyne and Janet Burton on July 19, 2007 regarding returning Plaintiff to a PIP." Subsequently, McDonald's then also provided that as to those same individuals "They discussed collectively Plaintiff's performance deficiencies and all ultimately agreed that she should be placed on a PIP."

16. McDonald's aforesaid responses to No. 9 failed to describe in detail each of their suggestions (and when such suggestions took place) regarding McDonald's issuing Plaintiff Rodgers the PIP. Importantly, this should also have included, but not be limited to, whether any of these individuals (and if so who and when) at any time voiced an opinion that Ms. Rodgers should not be put on a PIP or voiced an opinion that instead a written warning or other approach should be attempted to address the situation.

No. 10 -   This interrogatory called for McDonald's to identify all individuals who were involved either in discussions regarding the decision to place Plaintiff on the PIP (that was issued to Plaintiff previously, on or about January 25, 2005), or involved in making such decision to issue Plaintiff the PIP. For each of these individuals, describe in detail each of their specific involvement and suggestions (and when such involvement took place) regarding Defendant issuing Plaintiff the PIP.

17.   McDonald's initially only provided the following information: "Janet Burton and Marty Coyne were involved in deciding to place Plaintiff on the January 25, 2005 PIP." Subsequently, Defendant added that as to these same two individuals "They discussed Plaintiff's performance deficiencies and both agreed that she should be placed on a PIP."

18.   As with McDonald's responses to No. 9, McDonald's aforesaid responses to No. 10 failed to describe in detail each of their suggestions (and when such suggestions took place) regarding McDonald's issuing Plaintiff Rodgers the January 25, 2005 PIP. This should have included, but not be limited to, whether either of these individuals (and if so who and when) at any time voiced an opinion that Ms. Rodgers should not be put on a PIP or voiced an opinion that instead a written warning or other approach should be attempted to address the situation.

No. 12 -   This interrogatory called for McDonald's to list the last known home telephone number and home address for 25 specific individuals.

19.   McDonald's has refused and failed to provide <u>any</u> of this information, and instead it provided the following overbroad objection:

> "McDonald's objects to providing the home address and telephone number of its current employees because such employees can only be contacted through McDonald's counsel. Subject to all of its objections, and without waiving any of those objections, McDonald's will provide the

8

>last known contact information for non-current employees as part of its document production."

20. Notwithstanding Defendant's aforesaid advice, McDonald's has thusfar failed to produce the last known home address or telephone number of any of the requested individuals, despite our having also followed up on this and it now having been 5-½ months since McDonald's gave its initial responses.

21. Moreover, McDonald's aforesaid objection is overbroad. It is one thing to object to producing such information for managerial employees in the control group, but McDonald's objection goes well beyond that to all current employees (including non-managerial and managerial that are not in the control group). *See, e.g., Orlowski v. Dominick's Finer Foods, Inc.,* 937 F.Supp. 723 (NDIL 1996).

22. In my June 10th letter to Defendant's counsel I requested that:

>"If you and McDonald's continue to insist on not providing the last known home address and telephone numbers for current non-managerial employees and managerial employees who are not in the control group, then please advise me of your reason and claimed justification for this position, and provide case cites or other authority for your and McDonald's position.

At the Rule 37.2 conference held on June 19th Defendant's counsel (Nigel Telman) initially stated "You're right." with regards to McDonald's obligation to produce the last known home address and telephone numbers for current non-managerial employees and managerial employees who are not in the control group, indicating that McDonald's would do so - but then later in the conference Defendant's counsel advised that I should make a motion to compel for this information (with Defendant's counsel not at that time, or ever, providing any claimed legal justification for its refusal to provide such information).

**Concluding Points**

23.  As shown by the above, the interrogatories referenced herein are directly relevant to Plaintiff Rodgers' case and her being able to prove her claims, McDonald's has failed to provide full or complete responses to same, such interrogatories are reasonably calculated to lead to the discovery of admissible evidence, and McDonald's purposeful refusal to adequately respond to these interrogatories has placed Ms. Rodgers in a severe and unwarranted disadvantage in being able to prove her claims in this litigation.

24.  Additionally, these interrogatories have been reasonably tailored to avoid unnecessary burden on McDonald's, and there would not be a severe or unwarranted burden upon McDonald's to provide proper and sufficient responses to such very important interrogatory requests.  Moreover, there would be no prejudice to McDonald's providing proper and sufficient interrogatory responses as requested herein.

25.  Given the above, intervention by Your Honor to compel McDonald's to produce supplemental interrogatory responses is necessary to avoid substantial prejudice to Plaintiff Rodgers being able to prove her case in this litigation.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order compelling McDonald's to produce supplemental interrogatory responses to Nos. 2, 4, 9, 10, and 12, as requested herein in this motion to compel, and for such other and further relief as this Court may deem just and appropriate.

    Respectfully submitted,

    By: /s/ David Porter
        David Porter

DAVID PORTER, ESQ.
Attorney for Plaintiff
11 S. LaSalle Street  -  Suite 1000
Chicago, Illinois 60603
(312) 236-1207