## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CAROL RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-CV-6262 |
| v. | ) | Judge Milton I. Shadur |
| | ) | Magistrate Judge Mason |
| McDONALD'S CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT McDONALD'S CORPORATION'S SUPPLEMENTAL ANSWERS TO PLAINTIFF CAROL RODGERS' FIRST SET OF INTERROGATORIES

Defendant McDonald's Corporation ("McDonald's"), for its Supplemental Answers to Plaintiff Carol Rodgers' First Set of Interrogatories to Respondent, states as follows:

### PRELIMINARY STATEMENT

McDonald's responds to these interrogatories without waiver of or prejudice to its rights, at any later time, to raise objections to (a) the relevance, materiality or admissibility of such responses, or any part thereof, in this arbitration or any other litigation; and (b) any further demand for discovery involving or relating to matters raised by these interrogatories.

Furthermore, the information contained in the responses set forth below is based upon the information presently known to McDonald's only. McDonald's specifically states that its responses to Plaintiff's Interrogatories are made on McDonald's behalf only and all responses are made only with respect to information in McDonald's possession. Further investigation and examination may disclose additional information and documents relating to these responses. McDonald's expressly reserves the right at any time to revise, correct, add to or clarify any of the statements propounded herein.

**GENERAL OBJECTIONS**

The following objections apply to each and every answer of McDonald's to Plaintiff's Interrogatories whether or not expressly stated in response to any particular interrogatory.

A.    McDonald's objects to the interrogatories to the extent that they seek documents or information protected from disclosure by the attorney-client privilege. Inadvertent disclosure of privileged information by McDonald's shall not constitute a waiver of the attorney-client privilege.

B.    McDonald's objects to the interrogatories to the extent that they seek documents or information protected from disclosure by the attorney work-product doctrine. Inadvertent disclosure of privileged information by McDonald's shall not constitute a waiver of its claim under the attorney work-product doctrine.

C.    McDonald's objects to the interrogatories to the extent that they seek information not related to the claims involved in the lawsuit.

D.    McDonald's objects to the interrogatories to the extent that they seek documents or information not within McDonald's care, custody or control.

E.    McDonald's objects to each interrogatory requesting a response regarding "each," "all," "every," or "any" document(s), record(s), information, communication(s), person(s), organization(s), or fact(s) on the grounds that such interrogatories are overly broad and unduly burdensome.

## OBJECTIONS AND RESPONSES TO PARTICULAR INTERROGATORIES

**First Interrogatory:**    Describe in detail what specifically Plaintiff Rodgers said to Pat Harris, and what specifically Pat Harris said to Plaintiff Rodgers, on August 3, 2006 [sic]

2

**Answer to First Interrogatory:**    McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is more appropriately the subject of a deposition to the extent that it seeks "what specifically" Plaintiff and Ms. Harris said to each other.  Subject to all of its objections, and without waiving any of those objections, McDonald's states that Plaintiff raised the following topics in her August 3, 2006 conversation with Ms Harris: her desire to find work outside of her department, including her qualifications and educational background; her past and present performance ratings; that she had applied for other jobs within McDonald's; that she believed that Marty Coyne and Janet Burton had blocked her from being hired for such jobs; and that she had spoken with Angelique Kelly-Lara about her concerns.  Notably, Plaintiff never stated to Ms. Harris that she believed Ms. Burton's or Mr. Coyne's alleged actions were based on her race, nor did she otherwise state that she believed she had been the victim of discrimination during her tenure with McDonald's.

In response to the aforementioned issues raised by Plaintiff, Ms. Harris advised Plaintiff and that she would need to speak with Ken Barrun and Ms. Kelly-Lara about Plaintiff's concerns.  Ms. Harris also informed Plaintiff that she on her way out of town and would follow-up with Plaintiff when she returned to the office.

**Second Interrogatory:**    With regards to Plaintiff's complaint to/ conversation with Pat Harris that took place on August 3, 2006, identify all individuals that Pat Harris informed of such complaint/ conversation, or who became aware of such complaint/ conversation at any time between August 3, 2006 and when Plaintiff's employment ended on August 8, 2006, and advise what they were informed of and when they were so informed.  This information shall include, but not be limited to, whether Janet Burton and/ or Angelique Kelly-Lara became aware directly or indirectly of Plaintiff's aforesaid complaint to/ conversation with Pat Harris, and what specifically they were informed of and by who and when.

**Answer to Second Interrogatory:**    McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is more

3

appropriately the subject of a deposition to the extent that it seeks specific details regarding particular conversations.   Subject to all of its objections, and without waiving any of those objections, McDonald's states as follows:

> Ken Barrun:  Ms. Harris called Mr. Barrun from Boston on August 4 and advised him of her conversation with Plaintiff.  She informed him that she wanted to meet with him and Ms. Kelly-Lara when she returned from Boston.  Ms. Harris did not tell Mr. Barrun that Plaintiff had complained that she was being treated unfairly because of her race.

Investigation continues.

**Supplemental Answer to Third Interrogatory:**  In addition to the above description of the conversation between Mr. Barrun and Ms. Harris, Ms. Harris also recalled telling Mr. Barrun that Plaintiff was upset due to her belief that she was being unfairly prevented by individuals within her department from obtaining other positions within the company.  Ms. Harris also recalled Plaintiff saying that she did not understand why she was not being hired by other departments within the company.  Ms. Harris recalls telling Angelique Kelly-Lara that she had met with Plaintiff, but does not recall whether she told her that before or after Plaintiff resigned her employment with the company.  Ms. Harris specifically recalls *not* discussing with Ms. Kelly-Lara what she and Plaintiff discussed during the August 3rd meeting, only that Plaintiff had met with her.  Similarly, Janet Burton recalls hearing from Mr. Barrun that Plaintiff met with Ms. Harris at some point but did not know what was discussed during such meeting.

McDonald's is unaware of any other employee having heard about the specific contents of the discussion between Plaintiff and Ms. Harris on August 3rd.

**Third Interrogatory:**     Describe in detail what investigation either Pat Harris or Defendant did with regards to Plaintiff's August 3, 2008 [sic] complaint to Pat Harris.  This information shall include all individuals who were spoken to about what Plaintiff complained about, when they were spoken to, and what was said.

**Answer to Third Interrogatory:**    McDonald's objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges.  Subject to all of its objections, and without waiving any of those objections, McDonald's states that Pat Harris called Ken Barrun from Boston on August 4, 2006 and advised him of her conversation with Plaintiff.  She informed him that she wanted to meet with him and Ms. Kelly-Lara when she returned from Boston.  By the time Ms. Harris returned, Plaintiff had resigned her employment with McDonald's.  No investigation occurred until McDonald's learned of Plaintiff's charge of discrimination filed with the Illinois Department of Human Rights ("IDHR").  Information regarding any subsequent information is privileged.

**Fourth Interrogatory:**    Describe in detail all complaints (verbal and written) that either Plaintiff or any other employee of Defendant made to either Defendant's Human Resources Department or Pat Harris or Defendant's management personnel about Janet Burton. This information shall include, but not be limited to, the following:

a.    identify who made each such complaint, and when each such complaint was made, and whether the complaint was verbal or in writing, and identify to whom each such complaint was made;

b.    describe in detail each such complaint;

c.    describe in detail what investigation was conducted in connection with each such complaint, and what was the result of such investigation;

d.    state which complaints Janet Burton was advised of, including in particular but not limited to, what complaints made by Plaintiff Janet Burton was advised of and when she was so informed of each of the complaints that she was informed of;

e.    state whether Defendant has ever disciplined Janet Burton in connection with her treatment/ harassment of any other employee of Defendant, and if so what was the discipline and when did it occur; and

f.    state whether any of the complaints were for alleged racial discrimination or racial harassment, and if so then identify who made such complaint(s) and when such complaints were made;

5

**Answer to Fourth Interrogatory:** McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant to the single question to be resolved by Plaintiff's complaint – whether McDonald's terminated Plaintiff's employment in retaliation for her allegedly having complained about race discrimination on August 3, 2006 – nor likely to lead to the discovery of admissible evidence regarding this single issue McDonald's also objects to the extent it seeks information regarding complaints made to non-management personnel. Subject to all if its objections, and without waiving any of those objections, McDonald's states that Plaintiff made the following complaints about Ms. Burton to members of its Human Resources Department, Pat Harris and Ronald McDonald House Charities ("RMHC") management personnel:

1.      October 7, 2004 email to Greg Sottolano: Plaintiff emailed Mr. Sottolano on October 7, 2004 regarding an alleged hostile work environment. Mr. Sottolano forwarded the email to Dave Dresden, the HR Business Partner for RMHC at that time. Mr. Dresden met with Plaintiff on October 11, 2004 to discuss the email.

2.      April 19, 2006 email to Angelique Kelly-Lara: Plaintiff emailed Ms. Kelly-Lara regarding her 2005 year-end performance evaluation, completed by Ms. Burton. On April 21st, Ms. Kelly-Lara met with Plaintiff regarding the concerns raised in the April 19th email. Plaintiff forwarded a rebuttal to the performance review to Ms. Kelly-Lara on May 5th. Ms. Kelly-Lara met with Plaintiff and Ms. Burton on June 14th to discuss Plaintiff's concerns regarding the performance evaluation. Ms. Burton was not disciplined regarding these incidents.

3.      Complaint to Angelique Kelly-Lara: In or around June/July 2006, Plaintiff complained to Ms. Kelly-Lara that she had not been invited to an Awards of Excellence luncheon, which she believed occurred because Ms. Burton had discriminated against her on the basis of her race. Ms. Kelly-Lara spoke with Ken Barrun and Peggy Caputo regarding the luncheon and determined that Mr. Barrun, not Ms. Burton, was responsible for inviting people to the luncheon and that no discrimination had occurred. Mr. Barrun spoke with Plaintiff about the luncheon, after which Plaintiff told Ms. Kelly-Lara that he had addressed her concerns.

4.      August 3, 2006 meeting with Pat Harris: See Responses to Second and Third Interrogatories.

**Supplemental Answer to Fourth Interrogatory**: Ms. Burton was never disciplined in connection with any alleged harassment or discrimination of any McDonald's employee.

1.     Mr. Dresden's memo to the file indicates that Plaintiff did not want the company to further investigate the complaint. Further, Plaintiff told Mr. Dresden that she would discuss the complaint with Ms. Burton. As a result, Dresden did not discuss the incident with Ms. Burton. Ms. Burton does not recall at this time discussing this complaint with Plaintiff. Ms. Burton did not receive any discipline as a result of this complaint.

3.     Ms. Burton was not informed nor disciplined regarding this incident.

4.     Ms. Burton received no discipline as a result of Plaintiff's meeting with Ms. Harris.

**Fifth Interrogatory:**     Describe in detail what specifically Plaintiff Rodgers said to Marty Coyne, and what Marty Coyne said to Plaintiff Rodgers, in a conference room in the afternoon of August 3, 2006.

**Answer to Fifth Interrogatory:**     McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is more appropriately the subject of a deposition to the extent that it seeks "what specifically" Plaintiff and Mr. Coyne said to each other. Subject to all of its objections, and without waiving any of those objections, Mr. Coyne recalls discussing Plaintiff's application for a job in the Raleigh/Durham region.

**Sixth Interrogatory:**     Describe in detail what specifically was said at the meeting held on August 8, 2006, attended by Plaintiff Rodgers, Janet Burton, and Angelique Kelly-Lara. This information shall include but not be limited to everything that was said by Plaintiff Rodgers, Janet Burton, and Angelique Kelly-Lara, and the order in which it was said.

**Answer to Sixth Interrogatory:**     McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and seeks information that is more appropriately the subject of a deposition to the extent that it seeks "what specifically" Plaintiff, Ms. Harris and Ms. Kelly-Lara said to each other. Subject to all of its objections, and without waiving any of those objections, McDonald's states that Ms. Burton and Ms. Kelly-Lara

explained the following to Plaintiff: that Plaintiff had been exhibiting similar performance problems to those addressed in her 2005 Performance Improvement Plan ("PIP"), that she needed to improve on such areas again; that she was being placed on a 60-day PIP; and that participating in the PIP was a condition of her continued employment. Plaintiff became belligerent and stated the following: that the PIP was full of lies; that there were no problems with her performance; that she refused to read, sign or participate in the PIP; and that she was being fired. Ms. Kelly-Lara and Ms. Burton responded that: Plaintiff was not being fired but was being given an opportunity to keep her job; that if she refused to participate in the PIP she would be voluntarily resigning her employment.

**Seventh Interrogatory:**    If Defendant is claiming in this lawsuit that Plaintiff voluntarily resigned/ quit her employment with Defendant, then provide the following:

    a.    Describe in detail all facts supporting Defendant's claim that Plaintiff voluntarily resigned/ quit her employment with Defendant, and identify all witnesses to same; and

    b.    Describe in detail all facts that in any way contradict Defendant's claim that Plaintiff voluntarily resigned/ quit her employment with Defendant, and identify all witnesses to same.

    **Answer to Seventh Interrogatory:**    See Answer to Sixth Interrogatory. Answering further, McDonald's states that other than Plaintiff's unsupported allegations, there are no facts that contradict the fact that Plaintiff voluntarily resigned her employment with McDonald's.

    **Eighth Interrogatory:**    In connection with the Performance Improvement Plan document that was delivered to Plaintiff Rodgers on August 8, 2006 (hereinafter the "PIP"), please advise the following:

    a.    Describe in detail all reasons that Defendant issued Plaintiff the PIP, including also whether any complaints (and if so what complaints) by Plaintiff factored into either Defendant's decision to issue Plaintiff the PIP or factored into Defendant's decision of when to issue Plaintiff the PIP;

b.  State on what date Janet Burton first began working on the PIP, and list all dates that Ms. Burton worked on that document, and advise of any documents that reveal the date when Janet Burton first began working on such document and that reveal all or any dates that Ms. Burton worked on that document;

c.  Describe in detail all conversations (and on what date they occurred) Janet Burton had with Angelique Kelly-Lara and any other employees regarding the PIP and potentially placing Plaintiff on the PIP, and when to place Plaintiff on the PIP, and

d.  Describe in detail all conversations (and on what date they occurred) Angelique Kelly-Lara had with Janet Burton and any other employee regarding the PIP and potentially placing Plaintiff on the PIP, and when to place Plaintiff on the PIP;

**Answer to Eighth Interrogatory:**   McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is more appropriately the subject of a deposition to the extent that it seeks detailed information about particular conversations.   Additionally, McDonald's objects on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges from disclosure.  Subject to all of its objections, and without waiving any of those objections, McDonald's states the following:

a.  McDonald's issued Plaintiff the PIP because of her failure to meet its performance expectations.  Plaintiff's performance problems are described in detail in pages 3-4 of McDonald's Statement of Position to the IDHR dated December 15, 2006 (which was previously produced to Plaintiff as part of McDonald's Initial Disclosures) and corresponding exhibits thereto, including but not limited to Plaintiff's Mid-Year Performance Review (Exhibit O) and the August 8th PIP (Exhibit Q).  As described in the PIP, Plaintiff's complaints about her workload factored into McDonald's decision to place her on the PIP.

b.  Ms. Burton worked on drafting the August 8th PIP on August 6, 2006, but cannot recall other dates on which she may have worked on it.

c-d.    Ms. Kelly-Lara and Ms. Burton discussed returning Plaintiff to a PIP on June 27, 2006, following a meeting they had with Plaintiff regarding her mid-year review. Ms. Kelly-Lara met with Brett Rawitz, Marty Coyne and Janet Burton on July 19, 2007 regarding returning Plaintiff to a PIP. Ms. Burton also had telephone conversations with Ms. Kelly-Lara between June 27 and August 8 about Plaintiff, including but not limited to placing her on a PIP.

**Ninth Interrogatory:**    Identify all individuals who were involved either in discussions regarding the decision to place Plaintiff on the PIP (that was issued to Plaintiff on August 8, 2006), or involved in making such decision to issue Plaintiff the PIP  For each of these individuals, describe in detail each of their specific involvement and suggestions (and when such Involvement took place) regarding Defendant issuing Plaintiff the PIP [sic]

**Answer to Ninth Interrogatory:**    McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is more appropriately the subject of a deposition to the extent that it seeks detailed information about "specific involvement and suggestions." Additionally, McDonald's objects on the grounds that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other privileges from disclosure. Subject to all of its objections, and without waiving any of those objections, McDonald's states that Janet Burton, Marty Coyne, Angelique Kelly-Lara and Brett Rawitz were involved in deciding to place Plaintiff on the August 8, 2006 PIP.

**Supplemental Answer to Ninth Interrogatory:**    Janet Burton, Marty Coyne, Angelique Kelly-Lara and Brett Rawitz were all involved in deciding to place Plaintiff on the August 8, 2006 PIP. They discussed collectively Plaintiff's performance deficiencies and all ultimately agreed that she should be placed on a PIP.

**Tenth Interrogatory:**    Identify all individuals who were involved either in discussions regarding the decision to place Plaintiff on the PIP (that was issued to Plaintiff on or about January 25, 2005), or involved in making such decision to issue Plaintiff the PIP. For each

of these individuals, describe in detail each of their specific involvement and suggestions (and when such involvement took place) regarding Defendant issuing Plaintiff the PIP [sic]

**Answer to Tenth Interrogatory:** McDonald's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is more appropriately the subject of a deposition to the extent that it seeks detailed information about "specific involvement and suggestions." Subject to all of its objections, and without waiving any of those objections, McDonald's states that Janet Burton and Marty Coyne were involved in deciding to place Plaintiff on the January 25, 2005 PIP.

**Supplemental Answer to Tenth Interrogatory:** Janet Burton and Marty Coyne were involved in deciding to place Plaintiff on the January 25, 2005 PIP. They discussed Plaintiff's performance deficiencies and both agreed that she should be placed on a PIP.

**Eleventh Interrogatory:** State whether or not Defendant issued Plaintiff any written warnings in 2006 other than the PIP issued to her on August 8, 2006, and identify the date of the written warning and its/ their bates stamp(s) (which document Defendant should be producing and bates stamping in connection with Defendant's document production).

**Answer to Eleventh Interrogatory:** McDonald's objects to this interrogatory on the grounds that the term "warnings" is ambiguous. Subject to all of its objections, and without waiving any of those objections, McDonald's states that Ms. Burton addressed Plaintiff's performance problems with Plaintiff, in writing, in both her 2005 year-end performance review (issued in March 2006) and in her 2006 mid-year review (issued in June 2006).

**Twelfth Interrogatory:** List the last known home telephone number and home address for the following 25 listed individuals:

1. Kenneth Barun
2. Janet Burton
3. Marty Coyne
4. Angelique Kelly-Lara
5. Pat Harris
6. Buffy Bye

11

7.    Kenneth Ricker
8.    Marty Rantt
9.    Julie Beichler
10.   Diane Russell
11.   Alvin Collins
12.   Josephine Fazio
13.   Lisa Gilbert
14.   Sheila Young
15.   Vicky Laws
16.   Peggy Caputo
17.   Donell Bullock
18.   Ellen Early
19.   Jackie Meara
20.   Juana Sanchez
21.   Phoebe Sebring
22.   Jean Zajac
23.   Bill Lamar
24.   James Johanssen
25.   Steve Russell

**Answer to Twelfth Interrogatory:**    McDonald's objects to providing the home address and telephone number of its current employees because such employees can only be contacted through McDonald's counsel. Subject to all of its objections, and without waiving any of those objections, McDonald's will provide the last known contact information for non-current employees as part of its document production.

**Thirteenth Interrogatory:**    Identify each person whom the Defendant expects to call as an expert witness at the trial of this matter, and state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the ground for each opinion.

**Answer to Thirteenth Interrogatory:**    McDonald's has retained no expert witnesses at this time but reserves the right to do so.

**Fourteenth Interrogatory:**    Identify who from Defendant was involved in preparing Defendant's responses to Plaintiff's First Set of Interrogatories.

**Answer to Fourteenth Interrogatory:**    Angelique Kelly-Lara, Janet Burton, Pat Harris and Marty Coyne provided to McDonald's counsel substantive fact information which was utilized in responding to these interrogatories.

Respectfully submitted,

McDONALD'S CORPORATION

By: _____
    One of its attorneys

Nigel F. Telman
Marianne Congdon-Hohman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

Dated: June 24, 2008

13