**David Porter**

**From:** "David Porter" <DPorterLaw@ameritech.net>
**To:** "Telman, Nigel F." <ntelman@Sidley.com>
**Sent:** Monday, July 14, 2008 3:20 PM
**Subject:** Re: Supplemental responses to discovery.

Nigel:

I continued to believe my below July 3rd e-mail to you is clear and straighforward as to what we are looking for and as to what Defendant McDonald's Corp was supposed to have provided by last Friday, July 11th (as per your subsequent 7/8/08 e-mail advice). We continue to await that information.

The problem with the second paragraph of your 7/11 e-mail is that "neither Angelique Kelly-Lara or Janet Burton recall being told by anyone or otherwise knowing about the specific contents of the conversation between Carol Rodgers and Pat Harris which took place on August 3, 2006" does not foreclose the possibility that they heard that Carol Rodgers had spoken with Pat Harris (even if they didn't know the "specific contents of the conversation"), which also is information that we are looking for. Then, if they had been told that Carol Rodgers and Pat Harris had spoken, we then want to know the full extent of what they were told, by who, and when (i.e. - before or after Plaintiff was issued the PIP on August 8th, with as much specificity as to the date as they can get).

Please advise me when you will be able to get me this information. Also, do not hesitate to contact me if you still have any questions.

David Porter, Esq.
11 S. LaSalle Street
Suite 1000
Chicago, Illinois 60603
Phone:  (312) 236-1207
Fax:     (312) 368-4449
e-mail:    DPorterLaw@ameritech.net

> ----- Original Message -----
> **From:** Telman, Nigel F.
> **To:** David Porter
> **Sent:** Friday, July 11, 2008 3:54 PM
> **Subject:** RE: Supplemental responses to discovery.
>
> David:
>
> Honestly, after reviewing my notes from our 6/27 call and your email below, I am not sure what information you are trying to elicit. If your inquiry is whether Janet Burton and/ or Angelique Kelly-Lara became aware directly or indirectly of the contents of Plaintiff's discussion with Pat Harris, let me clarify as follows:
>
> Other than the information provided in Defendant's interrogatory responses, neither Angelique Kelly-Lara or Janet Burton recall being told by anyone or otherwise knowing about the specific contents of the conversation between Carol Rodgers and Pat Harris which took place on August 3, 2006.
>
> Ms. Harris does not recall at this time exactly when she made the statements to Ken Barrun and Angelique Kelly-Lara as referenced in Defendants answer to Interrogatory No. 2, but believes she must have made those statements on August 4 (with respect to Ken Barrun) and at some point either before or after Defendant resigned her employment (with respect to Angelique Kelly-Lara) on August 8th.
>
> Please let me know if you have any additional questions. Thanks.
>
> NFT
>
> **Nigel F. Telman**
> **Partner**
> Sidley Austin LLP
> One South Dearborn Street
> Chicago, Illinois 60603
> Tel:  (312) 853-2106
> Fax: (312) 853-7036
> ntelman@sidley.com

7/24/2008

**From:** David Porter [mailto:DPorterLaw@ameritech.net]
**Sent:** Thursday, July 03, 2008 8:26 PM
**To:** Telman, Nigel F.
**Subject:** Fw: Supplemental responses to discovery.

Nigel:

Last Friday (6/27) we had a Local Rule 37.2 conference by telephone with regards to those items in Defendant McDonald's Corp's supplemental interrogatory responses that Defendant had supplemented (Nos. 2, 4, 9, 10).

We were not able to resolve our disagreements with regards to Nos. 4, 9, and 10.

As to No. 2, I pointed out that Defendant McDonald's Corp still did not fully answer this interrogatory with regards to Angelique Kelly-Lara and Janet Burton.

More specifically, as to Ms. Kelly-Lara Defendant had provided that "Ms. Harris recalls ... but does not recall ..." rather than saying also what "Ms. Kelly-Lara recalls" or that such and such occurred. Nor did Deendant provide when those items had occurred. Also, Defendant failed to provide if Ms. Kelly-Lara had heard anything on the issue referenced in this interrogatory demand from Ken Barrun or anyone else. You advised that you would clarify this with a supplemental interrogtory response.

As to Ms. Burton, Defendant in its interrogatory response provided that Ms. Burton recall hearing from Mr. Barrun that Plaintiff met with Ms. Harris "at some point" but did not know what was discussed during such meeting. This response failed to provide whether or not Ms. Burton had heard of Plaintiff's discussion with Ms. Harris from anyone else, and this response also failed to specify whether "at some point" was before or after Plaintiff was issued the PIP on August 8th, when her employment was terminated/ resigned (which is a disputed issue). You advised that you would clarify the above with a supplemental interrogatory response.

Please advise when you will provide the above-referenced supplement to Defendant's supplemental interrogatory response No. 2.

Do not hesitate to contact me if you have any questions.


David Porter, Esq.
11 S. LaSalle Street
Suite 1000
Chicago, Illinois 60603
Phone:  (312) 236-1207
Fax:    (312) 368-4449
e-mail:    DPorterLaw@ameritech.net


----- Original Message -----
**From:** David Porter
**To:** Telman, Nigel F.
**Sent:** Friday, June 27, 2008 11:52 AM
**Subject:** Re: Supplemental responses to discovery.

Nigel:

I have reviewed McDonald's Corp.'s supplemental document and interrogatory responses that were delivered to my office this week.

As per my voice-mail message that I left for you a few minutes ago, please call me today to have and/or schedule a Local Rule 37.2 conference regarding McDonald's Corp.'s supplemental document and interrogatory responses. It is my belief that this telephone conference should only take approximately 10 minutes (given the many issues that we already covered in our prior Local Rule 37.2 conference), and so I see no reason why we should not be able to have this telephone conference sometime later today.

I look forward to hearing from you.


David Porter, Esq.
11 S. LaSalle Street
Suite 1000
Chicago, Illinois 60603
Phone:  (312) 236-1207

Fax:   (312) 368-4449
e-mail:   DPorterLaw@ameritech.net

----- Original Message -----
**From:** Telman, Nigel F.
**To:** David Porter
**Sent:** Tuesday, June 24, 2008 5:26 PM
**Subject:** McD: Supplemental responses to discovery.

<<McD: Supplemental answers to interrogatories>> <<McD: Supplemental responses to Document Requests>>

David:

As we discussed, please find attached hereto our supplemental responses to Plaintiff's interrogatories and document requests. We will serve on you via mail tomorrow. Please call me once you have reviewed. Thank you.

Regards

NFT

**Nigel F. Telman**
**Partner**
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel:  (312) 853-2106
Fax: (312) 853-7036
ntelman@sidley.com

```
Sidley Austin LLP mail server made the following annotations on 06/24/08, 17:27:35:
-----------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

**********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

**********************************************************************************************
```

```
Sidley Austin LLP mail server made the following annotations on 07/11/08, 15:55:21:
-----------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

**********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

**********************************************************************************************
```