UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROL RODGERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 cv 6262 |
| ) | |
| v. ) | Judge Milton Shadur |
| ) | Mag. Judge Michael Mason |
| McDONALD'S CORPORATION, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

**AGREED MOTION FOR ENTRY
OF A STIPULATED PROTECTIVE ORDER**

Defendant McDonald's Corporation ("McDonald's"), through its attorneys and with the consent of Plaintiff's counsel, moves the Court for the entry of the Stipulated Protective Order attached hereto as Exhibit A. In support of this motion, McDonald's states as follows:

1.  Plaintiff in this action is a former employee of McDonald's. She alleges in her complaint that, "Defendant McDonald's Corp. has intentionally retaliated against Plaintiff due to Plaintiff's complaints of race discrimination, in the terms and conditions of her employment, in the termination of her employment, and otherwise, all in violation of Title VII of the Civil Rights Act of 1964 . . . ." Complaint, ¶ 31.

2.  Plaintiff has served written discovery requests on McDonald's in which she requests documents and information concerning other current and former McDonald's employees, including personnel files, work and disciplinary histories, and salaries and total compensation of employees who are not named parties to this action.

3. McDonald's believes that its employees have a right to the confidentiality of information contained in their personnel records, work history records, disciplinary files, and otherwise. McDonald's desires to protect such information of its current and former employees who are not parties to this litigation as well as other confidential McDonald's information.

4. McDonald's has not conceded that any of the documents or information at issue in this motion are relevant to Plaintiff's claims and has not waived any objections that it may have to any of Plaintiff's discovery requests, including claims of privilege or other immunities from discovery. However, subject to and without waiving these objections and in the interests of expediting discovery in this case, McDonald's will provide Plaintiff with certain requested documents and information pursuant to the Stipulated Protective Order filed herewith.

5. The proposed Stipulated Protective Order would not prohibit Plaintiff, McDonald's, or their respective attorneys from asking persons appropriately involved in this case, only for the purpose of prosecuting this litigation, about their knowledge concerning the information and documents at issue in this motion, nor would it prohibit them from using documents and information covered by the protective order in an appropriate manner to prepare their respective cases. It would prohibit disclosure of such information other than to the Court, to the parties and their counsel, and to other individuals set forth in the order to whom disclosure is necessary for the preparation of their respective cases. It would also prohibit disclosure and use of such information for any purpose other than prosecuting this litigation.

6. McDonald's has demonstrated good cause for the entry of a protective order due to the confidential nature of the information sought, the necessity for such confidentiality, and the substantial harm that could result if the information sought is disclosed to persons other than those set forth above and in the Order. See, e.g., Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 554 (N.D. Ill. 2008) (permitting disclosure of non-party personnel information and imposing a protective order to ensure that privacy interests and personnel information of non-party employees were protected); Morse v. Nabisco, Inc., No. 89 C 4250, 1990 U.S. Dist. LEXIS 12261, *5 (N.D. Ill. Sept. 14, 1990) (same).

WHEREFORE, for the foregoing reasons, Defendant McDonald's Corporation respectfully requests that the Court grant this agreed motion and enter the Stipulated Protective Order attached as Exhibit A.

Dated: September 5, 2008

                                      Respectfully Submitted,

                                      McDONALD'S CORPORATION

                                      By: /s/Nigel F. Telman
                                              One of Its attorneys

Nigel F. Telman
Brian P. Guarraci
Marianne Congdon-Hohman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL  60603
(312) 853-7000

## CERTIFICATE OF SERVICE

  I, Brian P. Guarraci, one of the attorneys for Defendant McDonald's Corporation, certify that I caused a copy of the foregoing to be served upon Plaintiff's counsel, identified below, via the Court's electronic filing system on this 5th day of September 2008:

    David Porter, Esq.
    11 S. LaSalle Street, Suite 1000
    Chicago, Illinois 60603

            s/ Brian P. Guarraci