

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CAROL RODGERS, | ) |
| Plaintiff, | ) Case No. 07 cv 6262 |
| v. | ) Judge Milton Shadur |
| | ) Mag. Judge Michael Mason |
| McDONALD'S CORPORATION, | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

This cause coming to be heard upon the Agreed Motion of Defendant McDonald's Corporation ("McDonald's") for Entry of a Stipulated Protective Order, all parties having received due notice, the parties to this action through their respective counsel having stipulated and agreed to the entry of this Order subject to the approval of this Court, and the Court having found good cause for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), the Court hereby enters the following Stipulated Protective Order ("Order") in this action:

1. The parties may designate as "Confidential" the following categories of documents: personnel records of employees other than Plaintiff that Plaintiff or her counsel first received during the above-captioned litigation, information concerning employees' salaries, benefits, and total compensation packages (including, without limitation, income tax returns and any attached schedules and/or forms, W-2 forms, 1099 forms, and paystubs), and medical records. To the extent that such information is marked Confidential it shall be considered "Confidential Information" for the purposes of this Order.

2. All Confidential Information subject to this Order shall be used by the parties, their respective counsel, and any other person to whom disclosure is permitted under the terms of this Order solely for the preparation and trial of this action. No Confidential Information, nor any copy thereof, shall be disclosed, revealed or made available for inspection or copying to any third parties, except as provided herein or as required to be disclosed by law or upon order of court provided that the disclosing party shall notify the other party as soon as practicable before disclosing any Confidential Information pursuant to court order or other legal requirement.

3. Confidential Information may be disclosed only to the following persons provided that each such person to whom disclosure is made is informed of this Order and that person's duty to comply with its terms, and provided that such person agrees to comply with this Order: (A) the Court and its officers; (B) the parties, their respective counsel (including in-house counsel), and employees of counsel to whom disclosure is necessary for the preparation or trial of this action (including necessary legal assistants); (C) experts, investigators, and paralegals engaged by counsel or the parties to assist in this litigation where disclosure is necessary for the preparation or trial of this action; (D) court reporters retained by a party or provided by the Court to transcribe testimony or arguments in this case; (E) deponents; (F) anticipated or potential witnesses, only if disclosure to such witness is believed to be necessary for the preparation or trial of this action; (G) the author(s) or original recipient(s) of the particular item(s) of Confidential Information disclosed to such person where disclosure is necessary for the preparation or trial of this action; (H) any person where disclosure to such person is strictly limited to that person's personnel file and

personnel documents and is necessary for the preparation or trial of this action; and (I) any other persons to whom and upon such conditions as the parties may agree to disclosure of Confidential Information. Any and all disclosure(s) hereunder shall be made solely for the purpose of and as part of the preparation or trial of this action.

4. Nothing in this Order shall limit any party's right to use any documents, copies thereof, or any information contained therein, in the taking of depositions, provided that the portion of the deposition transcript that discusses or contains any Confidential Information shall be given appropriate treatment in accordance with the terms of this Order.

5. In the event any transcript(s) or document(s) containing information subject to this Order are filed with the Court, they shall be marked "Confidential," and filed in accordance with applicable local rules.

6. A final determination as to when and what special procedures, if any, are necessary for handling Confidential Information subject to this Order at trial shall be deferred until the pre-trial conference date(s) set in this case. Absent a determination by the court concerning the procedures as to when and what procedures are necessarily for handling such Confidential Information at trial, any Confidential Information to be introduced at trial may be offered into evidence in open court unless the party designating such material as Confidential Information obtains an appropriate protective order from this Court.

7. The parties may use the services of a public photocopying service, printing and binding service or computer input service with regard to Confidential Information provided that such services are advised as to the confidential nature of such Confidential Information and asked to maintain its confidentiality.

3

8.  The designation of documents or information as Confidential Information shall not be construed as a waiver of any right to contest such designation, or construed as a waiver of any applicable privilege or other immunities from discovery (including without limitation the attorney-client privilege and the attorney work product doctrine) or as a concession by the designating party that such information is relevant or material to any issue or is otherwise discoverable. The inadvertent disclosure by any party of Confidential Information shall not be deemed a waiver in whole or in part of that party's or any other party's obligations under this Order.

9.  If a party contends that any material designated as Confidential Information is not entitled to such a designation, that party may at any time give written notice to the designating party. After the challenging party gives notice of such challenge, the challenging party and the designating party shall confer in an attempt to resolve the dispute. If such discussions are unsuccessful, the challenging party may file a motion with the Court. If a party disputes the designation of information as Confidential Information then it shall at all times be the burden of the party attempting to have the document or information deemed Confidential Information to prove that it merits such designation in accordance with the requirements of the Seventh Circuit.

10. No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval as required in *Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).

11. Upon the termination of these proceedings and promptly upon request by a party or its counsel, the other party to whom the request is made shall return to the requesting

party's attorneys any and all Confidential Information produced by the requesting party or its counsel during or in connection with this litigation and shall also return any and all copies thereof.

12. After this case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within 60 days after the case is closed. Any documents that are not so withdrawn will become part of the public case file.

13. Notwithstanding any of the foregoing, no document or information shall be deemed to be Confidential Information subject to this Order if such document or information is properly obtained by an adverse party outside of formal discovery in this case.

14. This Order shall not prevent any party from applying to this Court for relief consistent with this Order, or for further or additional orders to be entered as this Court may deem appropriate. This Order also shall not prevent the parties from discussing possible redaction of documents and information produced or from petitioning the Court as appropriate with respect to any such redaction.

15. Any court-ordered relief to enforce this Stipulated Protective Order shall be binding upon any and all third parties (including, without limitation, those parties listed in Paragraph 3 herein) subject to the terms of this Order.

16. This Order shall apply with respect to all claims in this action and shall continue indefinitely during and after this litigation, unless modified or terminated by order of this Court.

September 9, 2008

*United States District Judge*